## TERRITORY *v.* JOHN WAIAMAU.

## No. 1046.

### RESERVED QUESTIONS FROM CIRCUIT COURT, FIFTH CIRCUIT. HON. L. A. DICKEY, JUDGE.

ARGUED APRIL 6, 1918.                    DECIDED APRIL 12, 1918.

### COKE, C.J., QUARLES AND KEMP, JJ.

CRIMINAL LAW—*term of sentence.*

When a sentence is imposed under the indeterminate sentence laws of this Territory the term of the sentence is the maximum period fixed by the court.

SAME—*parole—effect of.*

After the prisoner has served the minimum term provided by law or imposed by the sentence of the court he may be allowed to go on parole but he is still in the legal custody and control of the prison authorities and is deemed still to be serving out the sentence imposed upon him.

SAME—*cumulative sentences may be imposed.*

Courts may impose cumulative sentences and in so doing the term of the last sentence should commence from the termination of the sentence next preceding.

### OPINION OF THE COURT BY COKE, C. J.

This cause comes here on reserved questions from the circuit court of the fifth circuit. The questions reserved are as follows: " 1. Has a circuit court now the power to impose cumulative sentences of imprisonment in cases of felony or has this power been repealed by implication by Chapter 216 of the Revised Laws of 1915 and Act 103 of the Session Laws of 1917? 2. If such power exists when should the term of imprisonment imposed by the second sentence begin? e. g. at the termination of the minimum term of imprisonment imposed by the prior sentence; at the time of the first parole granted; or at the absolute termination of the prior sentence whether by pardon, by expiration of the maximum term of imprisonment or by discharge of a warden under Sec. 7 Act 103 of 1917?"

Chapter 216 R. L. 1915 provides for the indeterminate sentence of persons convicted of felonies with certain specified exceptions, and this chapter, taken together with chapter 107 R. L. 1915, prescribes the regulations for the parole of prisoners. Act 103 S. L. 1917 amends the laws providing for the parole of prisoners as embraced within chapters 107 and 216 R. L. 1915. There is nothing in any of these enactments or elsewhere which restricts the right of a court to impose cumulative sentences after conviction on two or more indictments, or, where the defendant is already in execution, on a former sentence. Of course the sentences may also be made to run concurrently and this situation is clearly contemplated by the provisions of section 6 of Act 103 S. L. 1917, which says: "If a prisoner,

other than those excepted from the provisions of this chapter, is confined upon more than one sentence, he may, nevertheless, be paroled with like effect as though but one sentence was impending over him." Where a sentence is imposed under the indeterminate sentence laws of this Territory the term of the sentence is the maximum period fixed by the court. After the prisoner has served the minimum term provided by law or imposed by the sentence of the court he may be allowed to go on parole but he is still in the legal custody and control of the prison authorities and is deemed still to be serving out the sentence imposed upon him. *In re Gertz,* 21 Haw. 526; *Ughbanks* v. *Armstrong,* 208 U. S. 481; *Commonwealth* v. *Kalck,* 239 Pa. 543. Prior to the expiration of the maximum term of sentence certain events may occur which will bring about a termination of the sentence. Executive clemency may be extended or a reversal of the judgment of conviction may be had in the appellate court. The term of imprisonment would then cease. In that case if a second cumulative sentence were impending over the defendant the same would at once become operative. Therefore, where a court imposes a cumulative sentence the term of the last sentence should commence from the termination of the sentence next preceding and the last sentence should so state, otherwise the two punishments will be executed concurrently. *Brown v. Commonwealth,* 26 Am. Dec. 130; *Fitzpatrick v. People,* 98 Ill. 269; *Fortson v. Elbert Co.,* 43 S. E. 492.

Our answer then to the first reserved question is that the circuit courts of this Territory have the power to impose cumulative sentences of imprisonment, and our answer to the second reserved question is that where a court imposes a cumulative sentence the term of the last sentence pronounced should commence from the termination of the sentence next preceding.

*I. M. Stainback,* Attorney General (*S. K. Kaeo,* County Attorney of Kauai, also on the brief), for the Territory.
No appearance for defendant.