## EARL STANLEY MARA *v.* ROBERT NAAUAO, SUPERINTENDENT, HAWAII STATE PRISON.

### No. 4791.

October 7, 1969.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON, JJ., AND CIRCUIT JUDGE WONG IN PLACE OF KOBAYASHI, J., DISQUALIFIED.

OPINION OF THE COURT BY MARUMOTO, J.

This is an appeal by the superintendent of the state prison, respondent in a petition for writ of habeas corpus filed by Earl Stanley Mara, from an order of discharge entered by the first circuit court directing him to release the petitioner from imprisonment under a 20-year sentence imposed on him upon his conviction of first degree burglary in Criminal No. 22554 of that court.

The petitioner was convicted on September 8, 1950, upon his plea of guilty. At that time, he was an indigent. The plea was entered without assistance of counsel, or intelligent waiver of counsel, as explained later in this opinion.

When the petitioner filed his petition, he was confined in the state prison on a retake under the sentence mentioned above. He is presently confined under the same sentence and under an order for stay of execution of the order of discharge pending his appeal.

The circuit court entered its order of discharge in accordance with an amended decision in which it ruled that the petitioner's conviction in Criminal No. 22554 was invalid because he was not accorded the right to assistance of counsel under the sixth amendment of the Constitution of the United States.

The respondent relies upon the following points on this appeal: (1) that the due process clause of the fourteenth amendment of the United States Constitution, rather than the assistance of counsel clause of the sixth amendment, controlled the petitioner's plea of guilty in Criminal No. 22554, insofar as his right to counsel was concerned; (2) that, if the due process clause of the fourteenth amendment controlled the petitioner's plea of guilty, it was not violated so as to entitle him to discharge from imprisonment in the habeas corpus proceeding; and (3) that, if the assistance of counsel clause of the sixth amendment controlled the petitioner's plea of guilty, the finding by the circuit court that he did not waive his right to counsel was erroneous.

On the first point, the circuit court correctly ruled that the sixth amendment controlled the petitioner's plea of guilty in Criminal No. 22554. In 1950, Hawaii was an organized territory of the United States, and the sixth amendment applied directly to criminal proceedings in its

courts. *Balzac* v. *Porto Rico,* 258 U.S. 298, 304 (1922) ; *Territory* v. *Yoshimura,* 35 Haw. 324, 330 (1940).

That being the case, the second point is academic and requires no consideration on this appeal.

With reference to the third point, the clerk's minutes in Criminal No. 22554 show that the petitioner waived the reading of the indictment, and entered a plea of guilty when the court asked him whether he was ready for plea. The minutes are silent as to whether the petitioner requested counsel or the court advised him of his right to assistance of counsel. However, at the hearing on the instant petition for writ of habeas corpus, the petitioner and the respondent stipulated that if the judge who presided in Criminal No. 22554 were called as a witness, he would testify that it was not his practice to apprise any person, accused of a crime calling for imprisonment of 20 years or less, of his constitutional rights, including the right to assistance of counsel and the right to have counsel appointed by the court if he did not have sufficient funds to retain a counsel of his choice. It is evident from this stipulation, and silence in the clerk's minutes, that the petitioner did not intelligently waive his right to counsel.

In *Carnley* v. *Cochran,* 369 U.S. 506 (1962), the United States Supreme Court stated at page 513, that "where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request," and, at page 516, that "[p]resuming waiver from a silent record is impermissible."

This appeal does not involve the question of retroactivity of a constitutional requirement, for *Von Moltke* v. *Gillies,* 332 U.S. 708 (1948), decided two years before the petitioner's conviction, held that the sixth amendment required assistance of counsel at arraignment, unless the right was intelligently waived. In that case, the Supreme Court of the United States stated at page 721:

"A waiver of the constitutional right to the assistance of counsel is of no less moment to an accused who must decide whether to plead guilty than to an accused who stands trial. * * * Prior to trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings and laws involved and then to offer his informed opinion as to what plea should be entered."
Affirmed.

*Alana W. Lau,* Deputy Attorney General (*Bert T. Kobayashi,* Attorney General, and *Arthur S. K. Fong,* Deputy Attorney General, with her on the briefs), for appellant.

*Patrick F. Tuohy* for appellee.