JAMES K. WONG *v.* WILLIAM G. AMONG, DIRECTOR, DEPARTMENT OF SOCIAL SERVICES, STATE OF HAWAII, ET AL.

No. 4938.

DECEMBER 8, 1970.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY KOBAYASHI, J.

James K. Wong, while incarcerated in San Quentin Prison, Marin County, California, in accordance with the provisions of HRS c. 355, Western Interstate Compact on Corrections, filed this petition for writ of habeas corpus in this court[1] on November 14, 1969.

The petitioner's chief complaint is that he was denied his constitutional right to assistance of counsel and consequently, the convictions and judgment in 1953 for which

---

[1] HRS c. 602, § 5; HRS c. 660.

he has been incarcerated are null and void and must be set aside.

On May 14, 1970 this court determined that the best interest of the petitioner and the promotion of justice can be best served by appointing a circuit judge as special master to hold evidentiary hearings in Marin County, California, pursuant to HRS § 355-1, art. 4(f). The Honorable Herman T. F. Lum, Judge of the Circuit Court of the First Circuit, State of Hawaii, was appointed as special master.

In the order appointing the special master, dated May 14, 1970, this court ordered that the special master shall have

"the power to summon witnesses, issue subpoenas, take testimony, do all things that may be necessary and proper in the execution of his duties, and determine all questions of law including but not limited to the admissibility of evidence, the order of witnesses, and the date, the time and place of the hearings.

"The special master shall make specific findings of fact and conclusions of law in a written report, and submit the same to this Court as soon as possible subsequent to said hearings. The findings, conclusions and recommendations of the special master shall be subject to consideration, revision and approval by this Court."

On August 17, 1970 the special master filed his findings of fact and conclusions of law. Neither petitioner nor respondents have taken any exceptions to the findings of fact of the special master.

The special master has made, *inter alia,* the following findings of fact that are dispositive of this case:

(1) In the year 1953 the petitioner was charged with the following offenses: burglary in the first degree, Cr. No. 26063; robbery in the first degree, Cr. No. 26116; and forgery and passing a forged writing, Cr. No. 26147;

(2) Petitioner was without the services of counsel during all of the arraignments of the offenses; that petitioner was not able to afford retained counsel;

(3) Petitioner was without the services of counsel when he entered the pleas of guilty against all charges;

(4) Petitioner was unaware of the meaning of any of the charges made against him;

(5) Petitioner did not understand what was happening during all of the proceedings in which he plead guilty. Petitioner was also confused and did not understand the sentencing procedure;

(6) Petitioner was not advised of nor understood his right to counsel, right not to incriminate himself, right to jury, and right to confront witnesses;

(7) A portion of the official record, the court reporter's shorthand notebooks relating to the proceedings against petitioner, was destroyed in 1958 pursuant to a records disposition authorization under HRS § 94-3;

(8) The available portion of the court record pertinent to the charges against petitioner are absolutely silent on whether petitioner voluntarily and intelligently waived his right to counsel when he plead guilty to all of the pertinent charges against him.

In the proceedings before the special master and before this court the respondents have failed to adduce any evidence that can question the findings of fact of the special master.

## I. RIGHT TO COUNSEL

A criminal defendant's constitutional guarantee of right to counsel is found in the Sixth Amendment which provides in part that "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence."

The right to assistance of counsel is so fundamental and essential to a fair trial that it has been absorbed into

the due process clause of the Fourteenth Amendment. *Gideon* v. *Wainwright,* 372 U.S. 335 (1963). Thus, the state, as well as the federal government, is obligated to provide counsel for the defendant, at government expense, if necessary.

In 1953, however, at the time of petitioner Wong's arraignments and guilty pleas, Hawaii was an organized territory of the United States, and the Sixth Amendment applied directly to criminal proceedings in our courts. *Balzac* v. *Porto Rico,* 258 U.S. 298, 304 (1922) ; *Territory* v. *Yoshimura,* 35 Haw. 324, 330 (1940).

The petitioner, unable to afford retained counsel, had the constitutional right to court-appointed counsel when entering pleas at his arraignments, unless he voluntarily and understandingly waived this right. *Von Moltke* v. *Gillies,* 332 U.S. 708, 720-21, 723-24 (1948).

The fact is undisputed that the petitioner was not represented by a lawyer when arraigned and when he entered his pleas of guilty. Can it be said that he waived this right?

## II. WAIVER OF RIGHT TO COUNSEL

Courts are most solicitous to assure an accused adequate legal representation and guardingly indulge in a strong presumption against waiver of this fundamental right. *Johnson* v. *Zerbst,* 304 U.S. 458, 464 (1938).

Petitioner's own testimony disclaiming any intention to waive his right to counsel stands unrefuted. Moreover, we cannot conclude, when reviewing the circumstances attending the 1953 proceedings in question, that the petitioner had the appreciation necessary for "a broad understanding of the whole matter." *Von Moltke* v. *Gillies, supra* at 724.

Additionally, the incomplete record before us tells nothing, and to presume an accused's waiver of counsel from a silent record is constitutionally impermissible.

*Carnley* v. *Cochran*, 369 U.S. 506, 516 (1962); *Mara* v. *Naauao*, 51 Haw. 322, 324, 459 P.2d 382, 384 (1969).

Where the record is silent the respondents have the burden of proving that the petitioner voluntarily and intelligently waived his right to counsel. *Schram* v. *Cupp*, 425 F.2d 612, 615 (9th Cir. 1970); *cf. Carnley* v. *Cochran*, *supra* at 516. Respondents have failed to carry this burden.

## III. PLEAS OF GUILTY MUST BE VOLUNTARILY AND UNDERSTANDINGLY ENTERED

The special master has found that the petitioner did not understand what was happening during all of the proceedings wherein he entered his pleas of guilty; that his pleas were entered without the assistance of counsel. The official record is silent and where it is silent the presumption is that the petitioner did not voluntarily and understandingly enter his pleas of guilty. *Kercheval* v. *United States*, 274 U.S. 220, 223 (1927); *Von Moltke* v. *Gillies*, *supra* at 720; *United States ex rel. Crosby* v. *Brierley*, 404 F.2d 790 (3rd Cir. 1968). Since no justification for a guilty plea can be inferred from a silent record[2] we hold that the respondents had the burden of proving the validity of petitioner's pleas of guilty. The findings of the special master show clearly that respondents have failed to sustain this burden.

A plea of guilty in itself is a conviction and a simultaneous waiver of several important constitutional guarantees—the privilege against self-incrimination, a trial by jury, and the confrontation of one's accusers. Such a waiver is not constitutionally acceptable unless made voluntarily and with full understanding of the consequences. *Kercheval* v. *United States*, *supra* at 223; *McCarthy* v. *United States*, 394 U.S. 459, 466 (1969); *State* v. *Casey*, 51 Haw. 99, 451 P.2d 806 (1969).

---

[2] *Boykin* v. *Alabama*, 395 U.S. 238, 243 (1969).

## IV. CONCLUSION

Because of the above constitutional improprieties, it is the determination of this court that petitioner's convictions in Cr. Nos. 26063, 26116, and 26147 are null and void and are hereby set aside and the judgments entered therein are vacated.

Having fully served his sentence on the charges of forgery and passing a forged writing, Cr. No. 26147, petitioner's constitutional guarantee against double jeopardy protects him against further penalty on this charge. *Ex Parte Lange*, 85 U.S. (18 Wall.) 163 (1873). Should the petitioner, upon remand of this case, be retried and convicted on either or both of the other two charges, the Fifth Amendment's prohibition against double jeopardy requires that he be given full credit against any new sentence for time served under the convictions which today we set aside.[3] *North Carolina* v. *Pearce*, 395 U.S. 711, 718 (1969).

As to the forgery and passing a forged writing charges, a writ of coram nobis must issue; as to the burglary, Cr. No. 26063, and robbery, Cr. No. 26116, charges, a writ of habeas corpus must issue. *United States* v. *Sullivan*, 278 F. Supp. 626 (D. Haw. 1968).[4]

We remand all charges against the petitioner to the trial court for further proceedings consistent with this opinion.

*Brook Hart*, Public Defender (*Jack H. Mizuha*, cocounsel) for petitioner.

*William H. Yim*, Deputy Attorney General (*Bertram T. Kanbara*, Attorney General, with him on the briefs) for respondents.

---

[3] Such credit must include time served as a "paroled prisoner" as petitioner is in contemplation of the law still in legal custody and constructively a prisoner of the State. Territory v. Waiamau, 24 Haw. 247, 249 (1918).

[4] United States v. Morgan, 346 U.S. 502 (1954); Farnsworth v. United States, 232 F.2d 59 (D. C. Cir. 1956).