LESTER J. MEDEIROS, Petitioner-Appellant, *v.* STATE OF HAWAII, Respondent-Appellee

NO. 6559

FEBRUARY 3, 1981

RICHARDSON, C.J., OGATA, MENOR, LUM, NAKAMURA, JJ.

*Per Curiam.* Eight years after petitioner Lester J. Medeiros was adjudicated by the Family Court as a law violator for having violated the charge of robbery in the second degree, he filed a petition for a writ of coram nobis[1] in the Family Court seeking to exhume his record to set aside his adjudication. His petition claimed that manifest error occurred during his juvenile hearing on December 13, 1968, in that he was then a minor and was not aware of his constitutional right to court-appointed counsel[2] and he was at no time represented by an attorney and was at all times indigent. Petitioner claimed that as a result of constitutional deprivation, he was not aware of the ramifications of the proceedings and the elements of the offense which had to be proved against him. Following an evidentiary hearing on his application on November 16, 1976, the court denied the writ. We have examined the record, and we conclude that the Family Court was correct in denying the petition for a writ of coram nobis.

I.

The determinative question to be decided in this appeal is whether the record of petitioner's juvenile hearing on December 13, 1968 is silent with respect to whether petitioner understood his right to counsel and whether he had knowingly and intelligently waived his right to counsel.

A juvenile is entitled to legal counsel in a law violation proceeding before the Family Court. *In re Gault,* 387 U.S. 1 (1967); *Gideon v. Wainwright,* 372 U.S. 335 (1963). However, the right to counsel is waivable when it is voluntarily and intelligently undertaken. *Reponte v. State,* 57 Haw. 354, 556 P.2d 577 (1976).

In a petition for coram nobis, where there is a silent record, or where there is a minimal record, as to whether petitioner had knowingly and intelligently waived his right to counsel, the state has the burden of proving such waiver. *Carvalho v. Olim,* 55 Haw. 336, 519

---

[1] Rule 40, Post-Conviction Proceeding of the Hawaii Rules of Penal Procedure, became effective January 1, 1977, after the petition was filed.

[2] Sixth amendment, U.S. Constitution and art. I, sec. 11 (subsequently amended to sec. 14), Hawaii State Constitution.

P.2d 892 (1974); *Wong v. Among,* 52 Haw. 420, 425, 477 P.2d 630, 634 (1970).

The constitution does not prescribe any litany or ritual to which trial judges must comply to protect the record. *State v. Dicks,* 57 Haw. 46, 549 P.2d 727 (1976). But presuming waiver from a silent record is impermissible. *Mara v. Naauao,* 51 Haw. 322, 459 P.2d 382 (1969). In the absence of a silent or minimal record, petitioner has the burden of showing that his right to counsel was not voluntarily and intelligently waived; he has the burden of proving by a preponderance of the evidence that under the totality of circumstances, his right to counsel was not voluntarily and intelligently waived. *Reponte v. State, supra; State v. Dicks, supra.* Of course, the absence of a showing of waiver from the record does not of itself invalidate the judgment. It is presumed the proceedings were correct. *United States v. Morgan,* 346 U.S. 502, 512 (1954); *Adams v. McCann,* 317 U.S. 269, 281 (1942); *Johnson v. Zerbst,* 304 U.S. 458, 468 (1938).

## II.

The trial court concluded from the evidence submitted during the evidentiary hearing that the record of the juvenile proceedings eight years ago was not silent concerning petitioner's alleged deprivation of constitutional right to assistance of counsel. Instead the trial court found that the record manifested appropriate, timely and intelligible warnings administered to petitioner at various times by court personnel, and that an acknowledgment of these rights was made to the referee[3] by petitioner and his mother.[4]

We concur with the trial court that the record of the present case does not fall under either the rule of *Wong* or *Carvalho.* In *Wong* there was a complete absence of any record. In *Carvalho* there was an absence of transcript or minutes of the official record so that the court had to rely on only the testimony of witnesses to reconstruct

---

[3] In 1968 the Family Court was authorized to use referees to conduct juvenile proceedings. The referees' recommendations were subject to confirmation by the senior judge.

[4] Petitioner and his mother were interviewed jointly by Family Court personnel before the court hearing and his mother was also present during the court hearing.

the events; thus compelling the court to remark, "the minimal record ... is not helpful" and to conclude that the record was so minimal, it, in effect, constituted a silent record. Unlike *Wong* or *Carvalho*, we have in the record of the instant case the testimony of petitioner, the minutes of the referee's hearing, the Family Court document advising both petitioner and his mother of their rights, and the police document advising petitioner of his rights. We conclude, therefore, that the record was neither silent nor minimal.

The record reflects that petitioner was twice given warnings under police form MW209 by the police as to his constitutional rights. Both forms bearing petitioner's signatures were admitted into evidence. Petitioner was warned by the police that he had a right to counsel, and if he wanted an attorney, the court would appoint one for him. He refused the offer of an attorney.

The record also contains a Family Court document which was executed by both petitioner and his mother, acknowledging that the document was explained to them and received by them. The document was also signed by the Family Court officer. Petitioner and his mother were advised, *inter alia,* that petitioner had the right to a court-appointed attorney, the right to remain silent, the right to a court hearing, the right to present evidence on his behalf, the right to review the referee's decision, and the right to a further hearing if new evidence is discovered.

The minutes of the referee's hearing showed that petitioner and his mother acknowledged that they received a copy of the petition and understood the charges, and that they understood their rights as explained by the Family Court officer.

The testimony of petitioner recalled little of the events and failed to discredit the record.

We uphold the conclusion of the trial court that petitioner has failed to show under the circumstances of this case by a preponderance of evidence that he did not voluntarily and intelligently waive his constitutional right to counsel.

Affirmed.

*Ronald M. Yonemoto,* Deputy Public Defender, for petitioner-appellant.

*Michael A. Lilly,* Deputy Attorney General, for respondent-appellee.