STATE OF HAWAII, Plaintiff-Appellee, *v.* PAULINE APUNA, Defendant-Appellant

NO. 8363

(D.C. NOS. TR13 and TR14)

JANUARY 28, 1983

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

Defendant appeals from a judgment entered on May 22, 1981 finding her guilty of (1) operating or using on a public street a motor vehicle which was not insured under a no-fault insurance policy in violation of Hawaii Revised Statutes (HRS) § 294-8 (1976 & Supp. 1982)[1] for which she was fined $100, and (2) operating a vehicle on a public highway without a current official certificate of inspection in violation of HRS § 286-25 (1976)[2] for which she was fined $15.

The only question before us is whether defendant's constitutional right to counsel was violated. We answer no and affirm.

---

[1] Hawaii Revised Statutes (HRS) § 294-8 provides in pertinent part:

§ 294-8 *Conditions of operation and registration.* (a)(1) No person shall operate or use a motor vehicle upon any public street, road, or highway of this State at any time unless such motor vehicle is insured at all times under a no-fault policy.

\* \* \* \* \*

(b) Any person who violates the provisions of subsection (a) shall be subject to the provisions of subsection 294-39(a).

HRS § 294-39(a) (Supp. 1982) states:

§ 294-39 *General penalty provision.* (a) Any person subject to the provisions of this chapter in the capacity of the operator, owner, or registrant of a motor vehicle in this State, or registered in this State, who violates any applicable provision of this chapter, shall be subject to citation for such violation by any county police department in a form and manner approved by the violations bureau of the district court of the first circuit. Notwithstanding any provision of the Hawaii Penal Code, each violation shall be deemed a separate offense and shall be subject to a fine not less than $100 nor more than $1,000 and such fine shall not be suspended.

In the case of multiple violations the court shall in addition to any other penalty, impose the following penalties:

(1) Imprisonment of not more than thirty days; or

(2) Suspension or revocation of driver's license of the driver and of the registered owner; or

(3) Suspension or revocation of the motor vehicle registration plates of the vehicle involved; or

(4) Impoundment, or impoundment and sale, of the motor vehicle for the costs of storage and other charges incident to seizure of the vehicle; or any other cost involved pursuant to section 294-10; or

(5) Any combination of such penalties.

[2] HRS § 286-25 reads:

§ 286-25 *Operation of a vehicle without a certificate of inspection.* Whoever operates, permits the operation of, causes to be operated, or parks any vehicle on a public highway without a current official certificate of inspection, issued under section 286-26, shall be fined not more than $100 or imprisoned not more than thirty days or both.

Defendant contends that she was never advised of her right to counsel before being tried on May 22, 1981.[3] She claims, therefore, that there was a denial of her right to counsel guaranteed by the sixth amendment of the United States Constitution and article I, section 14 of the Hawaii Constitution.

The sixth amendment guarantees the right to counsel to a criminal defendant. The right is so fundamental that it is obligatory on the states under the due process clause of the fourteenth amendment. *Gideon v. Wainwright,* 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799 (1963).

The assistance of counsel is a requisite for a fair trial. *Gideon* held that all indigent felony defendants are entitled to counsel in state courts. *See Wong v. Among,* 52 Haw. 420, 477 P.2d 630 (1970).

In *Argersinger v. Hamlin,* 407 U.S. 25, 92 S. Ct. 2006, 32 L.Ed.2d 530 (1972), the Supreme Court extended the right to indigent misdemeanants.[4] The *Argersinger* Court held "that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." 407 U.S. at 37, 92 S. Ct. at 2012, 32 L.Ed.2d at 538.[5] *Argersinger* left unanswered the question of the right to counsel in cases where imprisonment is authorized but is not imposed.

The question was answered in *Scott v. Illinois,* 440 U.S. 367, 99 S. Ct. 1158, 59 L.Ed.2d 383 (1979). In *Scott,* the defendant was convicted of theft and fined $50 after a bench trial.[6] The pertinent

---

[3] *Carnley v. Cochran,* 369 U.S. 506, 82 S. Ct. 884, 8 L.Ed.2d 70 (1962), holds that if the assistance of counsel is constitutionally required, the right to be furnished counsel does not depend on a request.

[4] The record does not disclose whether defendant was "indigent," and, thus, entitled to be provided counsel by the State if she was constitutionally required to have counsel. However, in her brief, defendant states that "Appellant was not an indigent receiving public support." (Reply Brief at 4.)

[5] *State v. Tarumoto,* 62 Haw. 298, 614 P.2d 397 (1980), which cites the *Argersinger* case, involved a misdemeanor conviction and a thirty-day prison sentence. However, in that case, the defendant was deemed to have voluntarily, knowingly and intelligently waived the right to counsel.

[6] During the proceeding, the defendant was not advised of his right to counsel, nor, if indigent, to have counsel appointed to represent him. *People v. Scott,* 68 Ill.2d 269, 369 N.E.2d 881 (1977).

Illinois statute set the maximum penalty for the offense at a $500 fine or one year in jail, or both. The *Scott* Court ruled "that the Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense." 440 U.S. at 373-74, 99 S. Ct. at 1162, 59 L.Ed.2d at 389.

In the instant case, being a single violation, conviction under the HRS § 294-8 charge did not authorize a jail sentence. Conviction under the HRS § 286-25 charge did authorize a 30-day jail sentence, but the trial court merely imposed a $15 fine. Thus, applying the *Scott* rule, we find no violation of defendant's right to counsel under the sixth and fourteenth amendments of the United States Constitution since imprisonment upon conviction of a statutory offense was authorized but not imposed.

We adopt the *Scott* rule in the construction of article I, section 14 of the Hawaii Constitution and, likewise, hold no violation of defendant's right to counsel thereunder.

Affirmed.

*Pauline Apuna,* defendant-appellant, *pro se.*

*Alexandra Kaan,* Deputy Prosecuting Attorney, City and County of Honolulu, for plaintiff-appellee.