909 P.2d 574

STATE of Hawai'i, Plaintiff–Appellee,

v.

Robert C. DOWLER, Defendant–
Appellant.

No. 16286.

Intermediate Court of Appeals of Hawai'i.

Nov. 13, 1995.

Certiorari Granted Dec. 4, 1995.

Certiorari Dismissed as Improvidently
Granted Jan. 24, 1996.

Paul J. Cunney and Arthur E. Ross, on the briefs, Honolulu, for defendant-appellant.

James M. Anderson, Deputy Prosecuting Attorney, City and County of Honolulu, on the brief, Honolulu, for plaintiff-appellee.

Before BURNS, C.J., and WATANABE and KIRIMITSU, JJ.

WATANABE, Judge.

Defendant–Appellant Robert C. Dowler (Defendant) appeals from the May 19, 1992 judgment of the District Court of the First Circuit which followed his conviction of theft in the fourth degree, a petty misdemeanor punishable by a fine not exceeding $1,000, Hawai'i Revised Statutes (HRS) § 706–640(5) (1993), and imprisonment not exceeding thirty days. HRS § 706–663 (1993).

Defendant contends that the trial court committed reversible error when it: (1) failed to advise him of his rights to be represented by counsel at trial and to have counsel appointed to represent him if he was indigent; and (2) concluded that he had waived these rights. We agree and, accordingly, vacate the judgment and remand for a new trial.

## BACKGROUND

Following his April 20, 1992 arrest for shoplifting a package of cigarettes from a local supermarket, Defendant was arraigned on April 23, 1992 and charged with theft in the fourth degree, a violation of HRS § 708–833 (1993).[1] A transcript of the arraignment proceedings is unavailable because an apparent equipment malfunction rendered the tape recording of the proceedings inaudible. However, the minutes of the arraignment proceedings indicate that Defendant pleaded not guilty and "waived referral" to the Public Defender's office.

On May 19, 1992, Defendant appeared *pro se* for trial. The trial judge noted at the outset that Defendant had "waived referral to the Public Defender." The following colloquy then ensued:

THE COURT: ... You didn't want an attorney?

[DEFENDANT]: No sir. This case was going to be resolved out of court according to the store manager.

THE COURT: Doesn't look like it has been.

[DEFENDANT]: Doesn't look like it.

[PROSECUTOR]: There were attempts and negotiations to no avail so we're here for trial.

THE COURT: When were the attempts made?

[PROSECUTOR]: This morning. Defendant has a copy of the police report. He's reviewed it thoroughly. He's read the charge from the statute and understands it. Doesn't want counsel and wants a trial.

THE COURT: Is [Defendant] eligible for deferred acceptance?

[PROSECUTOR]: No.

THE COURT: There's no way that you can see this can be resolved sort [sic] of trial, [Defendant]?

[DEFENDANT]: No, Your Honor. I'm innocent of the charges and I also have a 7–page counter-complaint for third degree assault against the two store employees.

[PROSECUTOR]: Your Honor, of course, the State would object to any of that.

---

1. Hawai'i Revised Statutes (HRS) § 708–833 (1993) provides:

    **Theft in the fourth degree.** (1) A person commits the offense of theft in the fourth degree if the person commits theft of property or services of any value not in excess of $100.

    (2) Theft in the fourth degree is a petty misdemeanor.

[DEFENDANT]: That's why it was getting a dismissal because I never have stolen anything.

THE COURT: You understand that's the only thing we're here to try.

[DEFENDANT]: Yes sir.

THE COURT: And I'm not going to read any 7–page complaint. You can testify about what happened if you want to.

[DEFENDANT]: I don't have that with me.

THE COURT: Are you ready to go to trial? We'll do it. Take a short break first.

Following a short recess, Defendant was rearraigned and pleaded not guilty to the charge. The trial court then noted that Defendant had waived his right to counsel "last time" and instructed the State to call its first witness.

The court subsequently found Defendant guilty as charged and sentenced him to serve six months' probation and to perform forty hours of community service. This appeal followed.

## DISCUSSION

### I.

### *The Rights to Retained and Appointed Counsel*

#### A.

The Sixth Amendment of the United States Constitution expressly requires that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his [or her] defence." A parallel right is guaranteed by article I, section 14 of the Hawai'i Constitution, which states: "In all criminal prosecutions, the accused shall enjoy the right ... to have the assistance of counsel for the accused's defense."

In *Territory v. Ferris*, 15 Haw. 139 (1903), the Hawai'i Supreme Court construed the Sixth Amendment as providing a defendant in a criminal prosecution with the "liberty either to appear in person or to employ counsel, as he [or she] might see fit to do." *Id.* at 143. The court held, however, that the amendment "placed no obligation on the Territory to provide [a criminal defendant] with counsel." *Id.* The Hawai'i court thus limited the Sixth Amendment right to the assistance of counsel to those defendants who could afford to retain private counsel.

In the years that followed, the United States Supreme Court declared that the right to the assistance of counsel under the federal constitution would be meaningless if it only applied to non-indigent defendants. Relying on the Fourteenth Amendment due process right to a fair hearing and the Sixth Amendment right to assistance of counsel, the Court held that an indigent criminal defendant has a right to have appointed counsel represent him or her in certain criminal prosecutions. *See Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932) (at least in capital cases, the Due Process Clause of the Fourteenth Amendment requires that counsel be appointed for indigent defendants in a state prosecution); *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) (Sixth Amendment requires that in federal prosecutions, counsel be furnished to a defendant unable to afford an attorney; unless defendant has competently and intelligently waived this right, a federal court lacks jurisdiction to deprive a defendant of his or her life or liberty and any judgment of conviction pronounced without jurisdiction is void); *Gideon v. Wainwright,* 372 U.S. 335, 342, 83 S.Ct. 792, 795, 9 L.Ed.2d 799 (1963) (Sixth Amendment right to counsel is "fundamental and essential to a fair trial" and thus obligatory upon the states, through the Fourteenth Amendment, in "all criminal prosecutions," including noncapital cases); *In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) (Due Process Clause of Fourteenth Amendment requires that in proceedings to determine delinquency which result in commitment to an institution in which a juvenile's freedom is curtailed, the child and the child's parents must be notified of the child's right to be represented by counsel retained by them, or if they are indigent, that counsel will be appointed to represent the child).

Until 1972, however, it was unclear whether the Sixth Amendment right to appointed counsel literally applied to "all criminal pros-

ecutions." A number of jurisdictions, relying on United States Supreme Court decisions that the Sixth Amendment right to jury trial was available only to defendants charged with offenses punishable by more than six months' imprisonment,[2] construed the Sixth Amendment right to appointed counsel as being similarly unavailable to defendants charged with "petty" offenses punishable by imprisonment of six months or less. *See, e.g., Argersinger v. Hamlin,* 236 So.2d 442 (Fla.1970).

When Argersinger appealed the Florida Supreme Court's judgment in *Argersinger* to the United States Supreme Court, the High Court rejected the notion that indigent defendants prosecuted for petty criminal offenses have no right to appointed counsel. 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). The Court stated "that the problems associated with misdemeanor and petty offenses often require the presence of counsel to insure the accused a fair trial," *id.* at 36–37, 92 S.Ct. at 2012. Consequently, "absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he [or she] was represented by counsel at trial." *Id.* at 37, 92 S.Ct. at 2012 (footnote omitted).

Subsequently, in *Scott v. Illinois,* 440 U.S. 367, 373–74, 99 S.Ct. 1158, 1162, 59 L.Ed.2d 383 (1979), the Supreme Court reaffirmed its ruling in *Argersinger* and explicitly held that an indigent criminal defendant who is charged with a misdemeanor for which imprisonment is authorized but not actually imposed has no federal constitutional right to the assistance of appointed counsel.

■ Under the federal constitution, therefore, it is clear that the right of an indigent defendant to be provided with appointed counsel in a criminal prosecution is triggered only if the defendant is actually sentenced to a term of imprisonment.

In contrast, article I, section 14 of the Hawai'i Constitution requires that "[t]he State shall provide counsel for an indigent defendant charged with an offense *punisha-*

ble by imprisonment." (Emphasis added.) An indigent criminal defendant's constitutional right to appointment of counsel is further codified in HRS § 802–1 (1993), which provides, in relevant part:

> Any indigent person who is (1) *arrested for, charged with or convicted of an offense or offenses punishable by confinement in jail or prison* ... shall be entitled to be represented by a public defender. If, however, conflicting interests exist, or if the public defender for any other reason is unable to act, or if the interests of justice require, the court may appoint other counsel.

(Emphasis added.)

■ Under Hawai'i law, therefore, an indigent defendant's right to appointed counsel is determined not by whether imprisonment is actually imposed, but by whether the offense which the defendant is charged with violating is punishable by a term of imprisonment.

■ Since the record in this case indicates that Defendant was indigent and charged with an offense punishable by up to thirty days' imprisonment, he was entitled, at trial, to be assisted by counsel appointed to represent him.

### B.

In *State v. Apuna,* 3 Haw.App. 673, 657 P.2d 1062 (1983), a non-indigent defendant appealed her convictions for operating a motor vehicle on a public street without a no-fault insurance policy or a current certificate of inspection on the sole ground that she had never been advised of her right to counsel before she was tried. Observing that the defendant's sentence consisted of fines totaling $115 and no imprisonment, this court applied the *Scott* rule, *supra,* and concluded that the defendant's right to counsel under the federal and state constitutions had not been violated. Since the defendant had no right to counsel, we also impliedly concluded that the defendant was not entitled to be advised of her right to be represented by counsel.

---

2. *See Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); *Baldwin v.*

*New York,* 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970).

Our decision today, based upon the Hawai'i Constitution, article I, section 14 and HRS § 802–1, when juxtaposed against *Apuna,* effectively affords an indigent defendant a greater state constitutional right to be represented by counsel than a non-indigent defendant. We do not believe this result was ever intended by the framers of our Constitution or the Hawai'i State Legislature and therefore expressly overrule *Apuna.*

## II.

### *Violation of Defendant's Right to the Assistance of Counsel*

Having established that Defendant had a right to be represented by appointed counsel in this case, we now turn to the question of whether that right was actually violated. We conclude that it was.

### A.

■ We note initially that HRS § 802–2 (1993) specifically provides that "[i]n every criminal case or proceeding in which a person entitled by law to representation by counsel appears without counsel, the judge shall advise the person of the person's right to representation by counsel and also that if the person is financially unable to obtain counsel, the court may appoint one at the cost to the State." The determination of whether a trial court complied with the mandate contained in HRS § 802–2 is a question of law which we review on appeal under the de novo, or right/wrong standard. *State v. Miller,* 4 Haw.App. 603, 671 P.2d 1037 (1983). Our review indicates that although Defendant appeared at trial *pro se,* he was never advised by the trial court of his rights under HRS § 802–2. This failure was clearly wrong.

### B.

The trial court also committed error when it determined that Defendant had waived his right to counsel.

■ Because a criminal defendant's right to be represented by counsel is an essential component of a fair trial under the American judicial system, *State v. Tarumoto,* 62 Haw.

298, 299, 614 P.2d 397, 398 (1980) (per curiam), "[c]ourts are most solicitous to assure an accused adequate legal representation and guardingly indulge in a strong presumption against waiver of this fundamental right." *State v. Vares,* 71 Haw. 617, 621, 801 P.2d 555 (1990) (quoting *Wong v. Among,* 52 Haw. 420, 424, 477 P.2d 630, 633 (1970)).

■ To determine whether a waiver was voluntarily and intelligently undertaken, an appellate court will look to the totality of facts and circumstances of each particular case, in order to ensure that the waiver was made "with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." *Id.* (quoting *Carvalho v. Olim,* 55 Haw. 336, 342–43, 519 P.2d 892, 897 (1974)).

In *State v. Dickson,* 4 Haw.App. 614, 619, 673 P.2d 1036, 1041 (1983), this court set forth a comprehensive set of guidelines which a trial court should follow to ensure that a defendant who elects to proceed *pro se* at trial has voluntarily, knowingly, and intelligently waived his or her right to the assistance of counsel at trial:

The trial court should first examine the particular facts and circumstances relating to the defendant, such as the defendant's age, education, mental capacity, background and experience, and his [or her] conduct at the time of the alleged waiver. This is necessary to allow the trial court to determine the level and depth to which its explanation and inquiry must extend.

Secondly, in order to fully assure that the defendant is informed of the risks of self-representation, the trial court should make him [or her] aware of the nature of the charge, the elements of the offense, the pleas and defenses available, the punishments which may be imposed, and all other facts essential to a broad understanding of the whole matter.

Finally, the trial court should inform the defendant: of his [or her] right to counsel, whether private or appointed ...; that

self-representation is detrimental to himself [or herself]; that he [or she] will be required to follow all technical rules and substantive, procedural, and evidentiary law; that the prosecution will be represented by able counsel; that a disruption of the trial could lead to vacation of the right to self-representation; and that if voluntary self-representation occurs, the defendant may not afterward claim that he [or she] had inadequate representation.

*Id.* at 619–20, 673 P.2d at 1041–42 (citations omitted).

In this case, the record on appeal reveals that the trial judge failed to comply with the foregoing guidelines before allowing Defendant to proceed to trial *pro se.* The record is also silent as to whether any other judge engaged in the necessary discussion with Defendant to ensure that Defendant knowingly, intelligently, and voluntarily waived his constitutional rights to be represented by counsel at trial and to have counsel appointed to represent him if he was indigent.

Moreover, Defendant's responses to the trial judge's questions prior to the commencement of trial revealed that he truly believed that the charges against him were going to be dismissed and that there would be no trial. Defendant does not appear to have understood the consequences of waiving his right to be represented by counsel at trial. Even at sentencing, Defendant's statements indicated that he still believed the charges against him might be dismissed. Defendant stated that "it's up to [the Prosecutor's office] whether they want to dismiss the matter or not.... if I'm found guilty." The trial judge interrupted Defendant, stating, "[w]ell you have been. The question now is what is the sentence. I did find you guilty." Transcript 5/19/92, at 29.

In view of the record, we conclude that the trial court was clearly wrong when it found that Defendant had waived his rights to be represented at trial by counsel and to have counsel appointed to represent him if he was indigent.

## CONCLUSION

The record in this case indicates that Defendant was indigent and charged with a crime punishable by up to thirty days' confinement. When Defendant appeared at trial *pro se,* the trial court failed to advise him of his rights to be represented by counsel and to have counsel appointed to represent him if he was indigent. The trial judge also failed to conduct the inquiry mandated by *Dickson* to ensure that Defendant had knowingly and intelligently waived his rights to be represented at trial by counsel and to have counsel appointed to represent him if he was indigent. We therefore vacate the May 19, 1992 judgment of the District Court of the First Circuit and remand for a new trial.