**Electronically Filed
Supreme Court
SCWC-13-0003754
05-MAR-2019
02:50 PM**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

_____

TIMMY HYUN KYU AKAU,
Petitioner/Petitioner-Appellant,

vs.

STATE OF HAWAI'I,
Respondent/Respondent-Appellee.

_____

SCWC-13-0003754

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-13-0003754; CIVIL NO. 1SD-13-1-9)

MARCH 5, 2019

RECKTENWALD, C.J., NAKAYAMA, McKENNA, POLLACK, AND WILSON, JJ.

OPINION OF THE COURT BY WILSON, J.

In 2013, Timmy Hyun Kyu Akau (Akau) filed a petition with the District Court of the First Circuit (district court) pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40 to vacate, set aside, or correct his 1987 conviction for driving while under the influence of an intoxicating liquor (DUI). The

district court[1] denied Akau's petition, and the Intermediate Court of Appeals (ICA) affirmed the district court's denial of his petition in an unpublished memorandum opinion.[2]  The ICA observed that Akau had waited over twenty-five years to challenge his DUI conviction.  As a result of the intervening delay, no transcripts of any of the proceedings in Akau's DUI case were available.  The ICA affirmed the denial of Akau's HRPP Rule 40 petition on the basis of the equitable doctrine of laches.

We conclude that Akau's right to counsel was violated in 1987.  We also hold that the equitable doctrine of laches does not apply to HRPP Rule 40 petitions.

## I.  BACKGROUND

In June 2013, Akau filed a petition to vacate, set aside, or correct judgment or to release petitioner from custody in accordance with HRPP Rule 40.  In his petition, Akau sought to have the court set aside a conviction stemming from a charge of DUI dating from 1987.

Where an HRPP Rule 40 petition for post-conviction relief states a colorable claim, an evidentiary hearing on the petition is required.  HRPP Rule 40(f); Wilton v. State, 116

---

[1]     The Honorable Linda K.C. Luke presided.

[2]     The ICA's memorandum opinion can be found in full at Akau v. State, CAAP-13-0003754 (App. Jan. 31, 2017) (mem.).

Hawai'i 106, 122-23, 170 P.3d 357, 373-74 (2007) (citing Hutch v. State, 107 Hawai'i 411, 414, 114 P.3d 917, 920 (2005) for the holding that "a hearing on a Rule 40 petition is required whenever the allegations in a petition, if taken as true, (1) would change the verdict rendered or (2) would establish the illegality of custody following a judgment[]" (internal citations and quotation marks omitted)).  If the factual allegations of the petition, taken as true, "would entitle the petitioner to relief," the petition states a colorable claim. HRPP Rule 40(f).  Here, after examining the petition, the district court concluded that Akau had stated a colorable claim for post-conviction relief in his petition and, accordingly, an evidentiary hearing was held in July 2013.

After hearing Akau's testimony, the district court entered findings of fact and conclusions of law.  Although the shorthand notes of Akau's arraignment and trial were destroyed in the late 1990s pursuant to the court's record retention policy, the district court reviewing Akau's petition was able to make findings of fact based on the surviving minimal original court records combined with Akau's testimony at the evidentiary hearing.

In its findings of fact, the court found that on July 26, 1987, Akau was arrested and charged with DUI.  Two days later, he appeared before the District Court, Ewa Division, and

pled not guilty.  He was referred to the Office of the Public Defender, and trial was scheduled for December 23, 1987.  On December 23, 1987, Akau appeared in court without counsel and requested a continuance.  As he later testified at the evidentiary hearing on his Rule 40 petition, he requested the continuance "[b]ecause I wanted to get an attorney present at the time."  His request for a continuance was denied.  After trial,[3] Akau was convicted of DUI.  He was sentenced to a small fine, a DUI class, and a 90-day license suspension.

In 2013, Akau filed an HRPP Rule 40 petition to vacate, set aside, or correct judgment.  In his petition, Akau asserted that at the time of his 1987 arrest for DUI, he was not familiar with court procedures or with the purposes behind his appearances.  He asserted that he did not have the assistance of counsel at arraignment, trial, or sentencing.  He did not recall ever being informed that he had a constitutional right to a jury trial, or that he had a right to have an attorney represent him, at public expense, if necessary.  Nor did he recall being informed that he had a right to appeal his conviction.  He could not recall a judge ever explaining the nature of the offense, the pleas and defenses available, or the punishment that might

---

[3]     Trial was conducted before the Honorable Francis Yamashita.  At the time, a defendant charged with DUI was entitled to a jury trial.  Subsequently, in 1990, the legislature reduced the maximum penalty for the offense such that a jury trial was no longer constitutionally required.  See State v. Nakata, 76 Hawaiʻi 360, 364-65, 878 P.2d 699, 703-04 (1994).

4

be imposed; he did not recall the judge informing him concerning the risks of self-representation.

In its findings of fact, conclusions of law, and order filed September 11, 2013, the district court denied Akau's petition, concluding that the passage of twenty-five years between Akau's trial in 1987 and his petition in 2013 "is an inordinate amount of time leading to the nonexistence of Court records." As a result, the court ruled that it would be "inequitable to grant the Petition because the passage of twenty-five (25) years has resulted in the unavailability of records, and unusually handicaps the State in meeting its burden and preparing a response to the Petition."

The ICA affirmed the district court's ruling, which the ICA characterized as "[r]elying in part on principles from the doctrine of laches[.]" In addition, the ICA noted that a number of other jurisdictions apply laches in denying petitions for post-conviction relief, citing seven out-of-state or federal cases. The application of laches in such circumstances, the ICA surmised, recognizes "the importance of finality in our criminal justice system[.]"

## II. STANDARD OF REVIEW

"A proceeding under HRPP Rule 40 is similar to a civil bench trial in that the court is required to enter findings of fact and conclusions of law in support of its decision." Raines

5

v. State, 79 Hawai'i 219, 222, 900 P.2d 1286, 1289 (1995).  An appellate court reviews a lower court's interpretation of a court rule de novo.  Sierra Club v. Dep't of Transp., 120 Hawai'i 181, 197, 202 P.3d 1226, 1242 (2009).

### III.  DISCUSSION

Under the Sixth Amendment to the United States Constitution, an accused has the right to counsel appointed at public expense because the right to counsel is "fundamental and essential to a fair trial[.]"  Gideon v. Wainwright, 372 U.S. 335, 342-44 (1963) (internal quotation marks and citation omitted) (explaining that the assistance of counsel "is one of the safeguards of the Sixth Amendment deemed necessary to insure fundamental human rights of life and liberty" (quotation marks and citation omitted) and that the right to counsel is one of those "constitutional principles established to achieve a fair system of justice").  "Article I, Section 14 of the Hawai'i Constitution also guarantees the accused the right to counsel." State v. Pitts, 131 Hawai'i 537, 541, 319 P.3d 456, 460 (2014) ("'In all criminal prosecutions, the accused shall enjoy the right to . . . have the assistance of counsel for the accused's defense.'" (citation omitted)).  "A 'critical stage' of the prosecution is any stage where 'potential substantial prejudice to defendant's rights inheres.'"  Id. (citation omitted).  Trial is obviously a critical stage of the prosecution.  Wong v.

Among, 52 Haw. 420, 423-24, 477 P.2d 630, 633 (1970) ("The right to assistance of counsel is so fundamental and essential to a fair trial that it has been absorbed into the due process clause of the Fourteenth Amendment."). "It is well settled that the sentencing phase is a critical stage of the prosecution, during which the right to counsel attaches." Pitts, 131 Hawai'i at 544, 319 P.3d at 463. Akau (a) had never been represented either by court-appointed or privately-retained counsel with respect to the charge, (b) had received no prior continuance in the case, and (c) requested a continuance at the commencement of trial because he "wanted to get an attorney present . . . ." He was denied his right to assistance of counsel (whether court-appointed or privately retained) at trial and also at sentencing.

We have recognized that the erroneous deprivation of the right to counsel under article I, section 14 of the Hawai'i Constitution is a structural error not subject to harmless error analysis; no showing of prejudice is required in part because the denial of counsel is "so likely to prejudice the accused that the cost of litigating [its] effect in a particular case is unjustified[,]" United States v. Cronic, 466 U.S. 648, 658-59 (1984), and because these "circumstances involve impairments of the Sixth Amendment right that are easy to identify and . . . easy for the government to prevent." Strickland v. Washington,

466 U.S. 668, 692 (1984); see also State v. Loher, 140 Hawaiʻi 205, 221, 398 P.3d 794, 810 (2017) (quoting Strickland, 466 U.S. at 692); State v. Reed, 135 Hawaiʻi 381, 389, 351 P.3d 1147, 1155 (2015) ("Because the denial of the right to counsel of choice is a structural error, we need not subject the court's abuse of discretion to a harmless error analysis.").  Thus, an erroneous deprivation of the right to counsel, as occurred in this case, constitutes an abuse of discretion not subject to harmless error analysis.

The ICA affirmed the district court's decision to deny Akau's Rule 40 petition based on laches.  We hold that the doctrine of laches does not apply in the context of HRPP Rule 40 petitions.

HRPP Rule 40(a)(1) contains no statute of limitations for bringing petitions and, instead, explicitly states that Rule 40 petitions seeking relief from a judgment of conviction may be brought "[a]t any time" so long as they are not brought "prior to final judgment[.]"  This lack of a statute of limitations appears to be deliberate, as the drafters of HRPP Rule 40 rejected the use of an Illinois statute as the template for a statute of limitations on post-conviction petitions.  Comm. For Penal Rules Revision of the Judicial Council of Haw., Proposed Hawaiʻi Rules of Penal Procedure at 206 (June 1975) (commenting on proposed Rule 40 and citing but then rejecting an Illinois

statute that imposed a time limit of 20 years for post-conviction petitions).  We therefore decline to impose a kind of judicially-crafted statute of limitations on Rule 40 petitions seeking relief from a judgment of conviction when that rule as promulgated explicitly states that such petitions may be brought "[a]t any time" so long as they are not brought "prior to final judgment[.]"  HRPP Rule 40(a)(1); see also HRPP Rule 40(a)(2) (allowing any person to "seek relief under the procedure set forth in this rule from custody based upon a judgment of conviction" on specified grounds but not imposing a time limitation on seeking that relief).

We also note that HRPP Rule 40(a) governs all extraordinary writs, including writs of coram nobis.  A writ of coram nobis acts as a "remedy to correct errors of the most fundamental character where the petitioner has completed his [or her] sentence or is otherwise not in custody and circumstances compel such action to achieve justice."  Carvalho v. Olim, 55 Haw. 336, 344, 519 P.2d 892, 898 (1974).  Application of laches to writs of coram nobis would have precluded consideration by the United States District Court of the Northern District of California of the writ of coram nobis brought by Fred Toyosaburo Korematsu to overturn his conviction in 1942 for remaining in a military area in violation of Civilian Exclusion Order No. 34 issued by the Commanding General of the Western Command, U.S.

Army, which ordered all persons of Japanese ancestry to leave the area. <u>Korematsu v. United States</u>, 584 F. Supp. 1406, 1409 (N.D. Cal. 1984).

### IV. CONCLUSION

For the reasons stated above, we vacate the ICA's judgment on appeal, Akau's 1987 conviction for DUI, and the district court's findings of fact, conclusions of law, and order dated September 11, 2013 concerning his HRPP Rule 40 petition. We remand to the district court for further proceedings consistent with this opinion.

Earle A. Partington
for Petitioner

Brian R. Vincent
for Respondent

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

