STATE OF HAWAII, Plaintiff-Appellee, *v.* ROBIN C. TARUMOTO, Defendant-Appellant

NO. 6776

JULY 14, 1980

OGATA, ACTING C.J., MENOR, JJ., RETIRED JUSTICE MARUMOTO, IN PLACE OF RICHARDSON, C.J., RECUSED, RETIRED JUSTICE KOBAYASHI, AND CIRCUIT JUDGE LUM, ASSIGNED BY REASON OF VACANCIES

*Per Curiam*. This is an appeal by the defendant from a conviction of theft in the second degree, a misdemeanor, under HRS § 708-832.

On July 17, 1977, the defendant was apprehended in the garage area of a Manoa home and arrested for theft in the second degree. Also arrested was one Gary Miyamoto from whose car items belonging to the victim were recovered. On July 19, 1977, Miyamoto was arraigned and referred to the Office of the Public Defender for legal representation. The next day, the defendant appeared before the district court and was also referred to the Public Defender for legal assistance. Both of the accused pled not guilty and trial was continued to August 23, 1977.

On the date of trial both Miyamoto and the defendant appeared before the district court as scheduled. Miyamoto was accompanied by a deputy public defender who served as his counsel. The defendant, however, appeared without legal representation. The trial court thereupon inquired:

THE COURT: You had an opportunity to see the public defender?

MR. TARUMOTO: Yeah.

THE COURT: And you didn't go?

MR. TARUMOTO: I was going today.

THE COURT: You may proceed, Mr. Prosecutor.

Trial commenced immediately thereafter; Miyamoto and the defendant were tried jointly. The defendant was convicted and sentenced to serve 30 days at the Halawa Correctional Facility.

The right to counsel is an essential component of a fair trial, and the Supreme Court has held that "absent a knowing and intelligent waiver, *no person may be imprisoned for any offense*, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at trial."*Argersinger v. Hamlin*, 407 U.S. 25, 37 (1972) (emphasis added).[1] The deci-

---

[1] The defendant in *Argersinger* had been charged with a petty misdemeanor punishable by imprisonment up to six months. He was denied court-appointed counsel by the government on the ground approved by the Florida Supreme Court,

sive question in this case, therefore, is whether the defendant knowingly and intelligently waived his right to legal representation.

The right to counsel may be waived if waiver is voluntarily, knowingly and intelligently made. *See Carnley v. Cochran,* 369 U.S. 506 (1962); *State v. Dicks,* 57 Haw. 46, 549 P.2d 727 (1976). The record must show, however, that an accused was offered counsel but intelligently and understandingly rejected the offer; anything less is not waiver. *Carnley v. Cochran, supra.* Moreover, presuming waiver from a silent record is constitutionally impermissible. *Id.; Wong v. Among,* 52 Haw. 420, 477 P.2d 630 (1970).

The record here does not indicate that the defendant verbally declined counsel. The State, however, argues that the defendant waived his right to counsel by not reporting to the Office of the Public Defender within the five weeks between his arraignment and trial. We agree.

Cognizant and protective of the defendant's constitutional right to counsel, the trial court, on July 20, 1977, continued the trial until August 23, 1977, and referred the defendant to the Office of the Public Defender for legal representation. When asked on the date of trial why he had not gone to the public defender for assistance, the defendant replied "I was going today." Yet, he was fully aware of the trial date, and had more than a month to avail himself of the opportunity to arrange for his representation. Waiver may be shown by conduct of an unequivocal nature, *see People v. Rogers,* 150 Cal.App.2d 403, 309 P.2d 949 (1957), and here the defendant

---

that the right to court-appointed counsel extended only to trials for non-petty offenses punishable by more than six months imprisonment. The Supreme Court, in reversing the defendant's conviction, found that an indigent's right to the assistance of counsel is not governed by the classification of the offense or by whether or not a jury trial is required. The Court's holding in *Argersinger* instead focused on imprisonment as triggering the right to the assistance of counsel. The statutory requirement in this jurisdiction is consistent with *Argersinger* and provides that where an indigent person is "arrested for, charged with or convicted of an offense or offenses punishable by confinement in jail or prison," he must be provided with court-appointed counsel. HRS § 802-1.

was offered counsel, but by his conduct deliberately and intentionally rejected the offer.

Regarding the defendant's other specifications of error, we find that in view of the overwhelming evidence supportive of his guilt, the alleged errors committed by the trial court were at best harmless. H.R.P.P. Rule 52(b).

Affirmed.

*Marie N. Milks* Deputy Public Defender on the briefs for defendant-appellant.

*Archibald C. K. Kaolulo* Deputy Prosecuting Attorney on the brief for plaintiff-appellee.