STATE OF HAWAI`I, Plaintiff-Appellee,
v.
ROBIN BENEDICT CANTIBEROS, Defendant-Appellant.
No. 28800.
Intermediate Court of Appeals of Hawaii.
September 25, 2008.
On the briefs:
Robin Benedict Cantiberos, Pro Se Defendant-Appellant.
Frederick D. Giannini, Deputy Prosecuting Attorney, County of Hawaii, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J. WATANABE and LEONARD, JJ.
Defendant-Appellant Robin Benedict Cantiberos appeals from the September 14, 2007 judgment filed in the District Court of the Third Circuit.[1]
On November 16, 2006, Cantiberos was charged in an amended complaint with one count of Operating a Vehicle Under the Influence of an Intoxicant in violation of Hawaii Revised Statutes (HRS) § 291E-61(a) (Supp. 2006), one count of Driving Without a License in violation of HRS § 286-102 (Repl. 2007), and one count of Inattention to Driving in violation of HRS § 291-12 (Repl. 2007). After a bench trial, the district court found Cantiberos guilty on all three counts.
Cantiberos raises the following points of error on appeal:
(1) The district court erred in denying Cantiberos's Motion to Dismiss.
(2) The district court erred in denying Cantiberos's request for counsel at trial on September 14, 2007.
(3) "Whether the prosecution erred not contesting this court's statement of jurisdiction pursuant to HRAP Rule 12.1(a)."
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Cantiberos's points of error as follows:
(1) The district court did not err in denying the motion to dismiss. State v. Jim, 105 Hawai`i 319, 330, 97 P.3d 395, 406 (App. 2004) ("the state's criminal jurisdiction encompasses all areas within the territorial boundaries of the State of Hawai`i"); see State v. Fergerstrom, 106 Hawai`i 43, 55, 101 P.3d 652, 664 (App. 2004)(holding that the State has the jurisdiction and authority to enforce traffic laws within the State, including against "[p]ersons claiming to be citizens of the Kingdom of Hawai`i and not of the State of Hawai`i"); State v. Jim, 80 Hawai`i 168, 171-172, 907 P.2d 754, 757-758 (1995) (holding that the exercise of police powers on Hawaiian home lands does not require the consent of Congress).
(2) The district court erred when it denied Cantiberos's request for appointed counsel and proceeded with trial on September 14, 2007, with Cantiberos representing himself pro se. Based upon the record before us, it does not appear that the district court established a valid waiver of the right to counsel by Cantiberos on the record as required by State v. Char, 80 Hawai`i 262, 268-269, 909 P.2d 590, 596-597 (App. 1995) (setting forth a six part test for determining whether "an indigent defendant is deemed to have waived by conduct . . . his or her right to the services of the public defender or court-appointed counsel") (citation omitted), and State v. Dickson, 4 Haw. App. 614, 623, 673 P.2d 1036, 1043 (1983). Accordingly, we must vacate and remand for a new trial. Char, 80 Hawai`i at 269, 909 P.2d at 597.
(3) Cantiberos makes no discernible argument with regard to his third point of error, and accordingly, we do not address it.[2] Hawai`i Rules of Appellate Procedure Rule 28(b)(7); Taomae v. Lingle, 108 Hawai`i 245, 257, 118 P.3d 1188, 1200 (2005) (observing that the appellate court may "disregard [a] particular contention" if the appellant `makes no discernible argument in support of that position") (citation omitted).
Therefore,
IT IS HEREBY ORDERED that the judgment filed on September 14, 2007 in the District Court of the Third Circuit is vacated and this matter is remanded for further proceedings consistent with this order.
NOTES
[1] The Honorable Joseph P. Florendo, Jr. presided.
[2] We note that Cantiberos attached as an appendix to his opening brief a copy of what purports to be an Order Granting New Trial and Vacating Judgment and Sentence entered by the district court on December 7, 2007. This order grants Cantiberos a new trial based upon the inadequacy of the record regarding his waiver of the right to counsel. The notice of appeal in this case was filed nearly two months earlier, on October 11, 2007. The order is not a part of the record on appeal, and accordingly, we do not consider it here.