STATE OF HAWAII, Plaintiff-Appellee,
v.
ENOCH KEOLA AKINA, Defendant-Appellant.
No. 29582.
Intermediate Court of Appeals of Hawaii.
December 11, 2009.
On the briefs:
John M. Tonaki, Public Defender, Craig W. Jerome, Deputy Public Defender, for Defendant-Appellant.
Jay T. Kimura, Prosecuting Attorney, Andrew D. Son, Deputy Prosecuting Attorney, for Plaintiff-Appellee

SUMMARY DISPOSITION ORDER
NAKAMURA, C.J., FOLEY and LEONARD, JJ.
Defendant-Appellant Enoch Keola Akina (Akins) appeals from the Judgment entered on December 12, 2008, in the District Court of the Third Circuit, North/South Hilo Division (District Court).[1] Akina was convicted of Prohibited Activities, in violation of Hawaii Administrative Rules (HAR) § 13-38-3.[2]
On appeal, Akina raises the following points of error: (1) the District Court erred when it failed to adequately advise Akina of his right to be represented by counsel at trial and to have counsel appointed to represent him at each hearing after his plea and arraignment hearing; and (2) the District Court erred when it concluded that Akina knowingly, intelligently, and voluntarily waived his right to be represented by counsel and have counsel appointed to represent him.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Akina's points of error as follows:
In State v. Dickson, 4 Haw. App. 614, 673 P.2d 1036 (1983), this court held that "[t]he trial court is initially charged with the function of assuring that the defendant's waiver of counsel is made knowingly and intelligently and that the record is complete so as to reflect that waiver." 4 Haw. App. at 619, 673 P.2d at 1041. "The trial court should first examine the particular facts and circumstances relating to the defendant, such as the defendant's age, education, mental capacity, background and experience, and his conduct at the time of the alleged waiver." Id. (citations omitted).
"Secondly, in order to fully assure that the defendant is informed of the risks of self-representation, the trial court should make him aware of the nature of the charge, the elements of the offense, the pleas and defenses available, the punishments which may be imposed, and all other facts essential to a broad understanding of the whole matter." Id. at 619, 673 P.2d at 1041 (citations omitted).
"Finally, the trial court should inform the defendant: of his right to counsel, whether private or appointed; that self-representation is detrimental to himself; that he will be required to follow all technical rules and substantive procedural, and evidentiary law; that the prosecution will be represented by able counsel; that a disruption of the trial could lead to vacation of the right to self-representation; and that if voluntary self-representation occurs, the defendant may not afterward claim that he had inadequate representation." Id. at 620, 673 P.2d at 1041-42 (internal citations omitted).
In this case, prior to finding that Akina waived his right to counsel, the District Court failed to advise Akina of the elements of the charge, that self-representation may be detrimental, that Akina would be required to follow all technical and substantive procedural and evidentiary law, that disruption at trial could lead to vacation of the right to self-representation, and that self-representation may not allow him to claim inadequate representation. The District Court made no inquiry regarding Akina's age, education, mental capacity, background, or experience in the criminal justice system.
"The record need not reflect a discussion between the court and a defendant illuminating every such factor." Dickson, 4 Haw. App. at 620-21, 673 P.2d at 1042 (internal citations omitted). However, Akina's failed request for a trial immediately following arraignment demonstrates that he had little knowledge about trial procedure. Likewise, Akina's attempt to raise a cultural gathering rights defense, which was not even considered by the court because he failed to introduce any evidence to support the defense prior to asserting it in closing argument, demonstrates the harm that may be caused by the lack of legal representation and the need for an effective advisement. The September 26, 2008 discussion between the District Court and Akina was focused on whether Akina wanted to be referred to the Office of the Public Defender. Referral to the Office of the Public Defender may have adequately informed Akina of his right to representation if he could not afford it, however, it did not inform Akina about any of the disadvantages of self-representation. For these reasons, this court cannot find that Akina knowingly, intelligently, and voluntarily waived his right to counsel. Such an error is never harmless beyond a reasonable doubt.[3] State v. Suka, 79 Hawaii 293, 298-99, 901 P.2d 1272, 1277-78 (App. 1995) (defendant has the right to counsel at trial and violation of this right can never be harmless) (citing Arizona v. Fulminante, 499 U.S. 279 (1990)), overruled on other grounds by State v. Holbron, 80 Hawaii 27, 32, n.12, 904 P.2d 912, 917, n.12 (1995).
Therefore, the District Court's December 12, 2008 Judgment is vacated and the case is remanded for a new trial.
NOTES
[1] The Honorable Harry P.N. Freitas presided at the September 26, 2008 plea and arraignment hearing. The Honorable Barbara T. Takase presided at the October 20, 2008 pretrial conference and the December 12, 2008 trial.
[2] Hawaii Revised Statute (HRS) §§ 190-2 and 190-3 authorize the State of Hawaii, Department of Land and Natural Resources, to establish a conservation district and rules governing the conservation district.
[3] In Dickson, this court adopted a "harmless beyond a reasonable doubt standard for the denial of the right to counsel. Dickson, 4 Haw. App. at 623-24, 673 P.2d at 1043-44. The "harmless beyond a reasonable doubt" analysis used in Dickson is no longer good law given the United States Supreme Court's holding in Arizona v. Fulminante, 499 U.S. 279 (1990). Indeed, in light of, inter alia, Akina's failure to present evidence in support of his defenses, we could not conclude that the District Court's failure to properly advise Akina about the dangers and disadvantages of self-representation was harmless.