**Electronically Filed
Supreme Court
SCWC-15-0000131
19-MAY-2017
09:36 AM**

SCWC-15-0000131

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

_____

STATE OF HAWAIʻI, Respondent/Plaintiff-Appellee,

vs.

THEODORICO ERUM, JR., Petitioner/Defendant-Appellant.

_____

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-15-0000131; CASE NO. 5DCC-14-0000212)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

## I.    Introduction

Theodorico Erum, Jr. ("Erum") seeks review of the Intermediate Court of Appeals' ("ICA") July 21, 2016 Judgment on Appeal ("ICA judgment on appeal"), entered pursuant to its June 22, 2016 Summary Disposition Order ("SDO"), which affirmed the District Court of the Fifth Circuit's ("district court") Judgment/Order and Notice of Entry of Judgment/Order entered on November 13, 2014.

Erum has proceeded pro se at every stage of this case. The record on appeal, which was supplemented by order of this court

with the audio recordings of the arraignment held August 6, 2014 and the bench trial held November 13, 2014,[1] does not indicate a valid waiver of counsel.  We therefore vacate the district court's judgment and remand for further proceedings consistent with this summary disposition order.

## II.  Background

## A.  District Court Proceedings

After an incident relating to a property dispute between Erum and the complaining witness, the State of Hawai'i ("State") charged Erum with two offenses: Simple Trespass, in violation of Hawai'i Revised Statutes ("HRS") § 708-815 (1993)[2], and Harassment, in violation of HRS § 711-1106 (2014)[3].

---

[1]    This court ordered that the record be supplemented in the certiorari proceedings pursuant to Rule 10(e)(2)(C) of the Hawai'i Rules of Appellate Procedure, which states:

> If anything material to any party is omitted from the record by error or accident or is misstated therein, corrections or modifications may be as follows:
> . . . .
> (C) by direction of the appellate court before which the case is pending, on proper suggestion or its own initiative
> . . . .

[2]    HRS § 708-815 provides, "A person commits the offense of simple trespass if the person knowingly enters or remains unlawfully in or upon premises."

[3]    HRS § 711-1106 provides in relevant part:

> (1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:
>
> (a) Strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact[.]

At Erum's August 6, 2014 arraignment, the following exchange took place:

> Court:  Mr. Erum if you'll take a look at the amended complaint, would you like those two charges read out loud in court this morning?
>
> Erum:  Uh if you give me a moment, your honor, I'll read it and then I'll waive my reading out loud.
>
> Court:  Okay.
>
> Erum:  I read the complaint, your honor.
>
> Court:  Alright, are you waiving public reading of the charges?
>
> Erum:  Yes, your honor.
>
> Court:  Defendant waives reading of the charges.  Count I, the harassment count, is a jailable offense.  Normally when a defendant is charged with a jailable offense, what the court normally does is enter not guilty pleas and then we refer you to the Office of the Public Defender if you wish to apply for services.  In the alternative, if you wanted to hire private counsel, you can make those arrangements on your own.  So we normally enter a not guilty plea, and rather than set a trial date immediately, we set a kind of a status date, so you can receive discovery and if you have an attorney, you can discuss your case with your attorney. Would you like us to do that or are you requesting that I actually set a trial date already?
>
> Erum:  Um I would like the trial date to be set.
>
> Court:  Okay. So not guilty pleas are entered.  Rule 48 please.
> . . . .
> Now um do you intend to apply for attorney's services at the Office of the Public Defender or to consult with private counsel?
>
> Erum:  I'll take that into consideration, your honor.  I don't --
>
> Court:  I just want to let you know because [the State is] not going be communicating directly with you unless and until there's a waiver of your right to counsel, and I don't want you to waive counsel until you've actually made that decision and it's knowing.  So --
>
> Erum:  I understand, your honor.
>
> Court:  You can go to the Public Defender's office this morning with your paperwork and fill out an application.

3

My recommendation is that you do that sooner rather than later.  If you do that and ultimately for whatever reason you decide you want to be a pro se defendant, you can always stop having counsel but at least you'll be able to consult with counsel and have someone representing you and then get discovery from the prosecutor's office.

Erum:  Okay, thank you.

The bench trial was held on November 13, 2014.[4]  The district court addressed Erum's right to counsel in the following exchange:

Court:  You do have one of these as a petty misdemeanor which carries a sentence of up to thirty days in jail, you understand that you -- weren't you referred to the Public Defender's office?

Erum:  Uh is that a question to me, your honor?

Court: Yes.

Erum:  Yes, your honor.  Judge, uh, judge referred me to the Public Defender's office.

Court: And you chose not to go?

Erum:  No, I didn't choose not to go, it's just that I'm not an indigent person.

Court: Ok. And you don't choose to hire your own attorney in this case?

Erum:  Uh yes, in this short space of time I was not able to get an attorney.

Court: If you wanted additional time in which to hire an attorney, I would grant you additional time.

Erum:  At this point, uh, at this point of the proceedings, your honor, and my discussions with the State of Hawai'i prosecuting attorney, leads me to believe that we should go forward today.

Court: Okay.  But it's not just your discussions, what I'm saying is notwithstanding your discussions with the prosecuting attorney, if you felt like you needed time to hire your own attorney, I would grant that time to you.  Do you understand that?

Erum:  I understand.

---

[4]    The Honorable Joe P. Moss presided.

> Court: Knowing that you wish to go forward?
>
> Erum:  I wish to go forward.

At the conclusion of the bench trial, the district court found Erum guilty as charged, and ordered him to pay fines and a fee totaling $330.00.

## B.    Appeal to the ICA

On appeal to the ICA, Erum alleged the district court: (1) erred in failing to enter findings of fact and conclusions of law that sufficiently demonstrated that each element of the criminal charges was proved beyond a reasonable doubt; (2) lacked authority to determine whether the complaining witness was the owner of the property on which the trespass allegedly occurred; and (3) erred in denying Erum's motion for a new trial.

In its SDO, the ICA affirmed the district court judgment. As to Erum's first point of error, the ICA concluded, "Erum does not explain how the District Court's failure to enter findings or conclusions equates with the State's failure to prove every element of the offense or the offender's alleged state of mind, so that argument fails." As to Erum's second point of error, the ICA determined that, without a transcript, there was no basis upon which to rule on the merits of his claim. As to Erum's third point of error, the ICA concluded that absent the bench trial transcript and the transcript of the hearing on

Erum's motion for a new trial, it was "unable to determine whether the trial court abused its discretion[.]"

### III. Standards of Review

#### A. Waiver of Counsel

> When a defendant elects to proceed pro se, the record must indicate that the defendant was offered counsel, but he or she 'voluntarily, knowingly, and intelligently rejected the offer and waived that right.' The trial court must ensure two requirements are met: first, the waiver of counsel is 'knowingly and intelligently' made, and second, 'the record is complete so as to reflect that waiver.'

State v. Phua, 135 Hawai'i 504, 512, 353 P.3d 1046, 1054 (2015) (quoting State v. Dickson, 4 Haw. App. 614, 619, 673 P.2d 1036, 1041 (1983)).

#### B. Plain Error Review

"Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Hawai'i Rules of Penal Procedure ("HRPP") Rule 52(b) (2000). This court has the inherent power to notice plain error sua sponte. State v. Fields, 115 Hawai'i 503, 528, 168 P.3d 955, 980 (2007), as amended on denial of reconsideration (Oct. 10, 2007).

If a defendant's substantial rights have been adversely affected, the error will be deemed plain error. State v. Nichols, 111 Hawai'i 327, 334, 141 P.3d 974, 981 (2006). Substantial rights include constitutional rights. See State v. Uyesugi, 100 Hawai'i 442, 449, 60 P.3d 843, 850 (2002) (noting

6

that a substantial right under plain error review includes constitutional rights, such as the right to trial).  "[T]his [c]ourt will apply the plain error standard of review to correct errors which seriously affect the fairness, integrity, or public reputation of judicial proceedings, to serve the ends of justice, and to prevent the denial of fundamental rights." State v. Sawyer, 88 Hawai'i 325, 330, 966 P.2d 637, 642 (1998).

## IV. Discussion

On certiorari, Erum argues that the ICA's affirmance of the district court's judgment was erroneous because: (1) the district court failed to enter findings of fact or conclusions of law; (2) the district court determined that the complaining witness was the owner of the property; and (3) the district court denied Erum's motion for a new trial while his civil case regarding the property was on appeal.

The record on appeal to the ICA did not contain any transcripts; therefore, the ICA did not err with respect to its determination of the issues Erum raised on appeal.  In general, it is the appellant's burden to provide the appellate court with the record on appeal.  However, because Erum has never been represented by counsel in this case, we engage in a plain error review only to determine whether Erum's constitutional right to counsel may have been affected.

**A.    Requirements for a Valid Waiver of Right to Counsel**

The Sixth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, and article I, section 14 of the Hawai'i Constitution guarantee a person accused of a crime the right to counsel at every critical stage of prosecution.  State v. Merino, 81 Hawai'i 198, 219, 915 P.2d 672, 693 (1996).  A "critical stage" of prosecution includes "any stage where potential substantial prejudice to [a] defendant's rights inheres[.]"  Phua, 135 Hawai'i at 512, 353 P.3d at 1054 (internal citation omitted).

There are two general requirements for a valid waiver of counsel: first, the waiver of counsel must be "knowingly and intelligently" made, and second, "the record [must be] complete so as to reflect that waiver."  Id. at 512, 353 P.3d at 1054 (internal citation omitted).  The latter requirement enables appellate courts to determine from the record whether there was an unequivocal waiver, which was voluntarily and freely made. Id.

"In determining the legal adequacy of waiver of counsel, the question is whether, considering the totality of the circumstances, the waiver was voluntarily and intelligently undertaken."  State v. Dicks, 57 Haw. 46, 49, 549 P.2d 727, 730 (1976).  There are "three areas of 'specific waiver inquiry' factors to assist trial courts: (1) the particular facts and

circumstances relating to the defendant that indicate the defendant's level of comprehension; (2) the defendant's awareness of the risks of self-representation; and (3) the defendant's awareness of the disadvantages of self-representation." Phua, 135 Hawai'i at 512, 353 P.3d at 1054 (citing Dickson, 4 Haw. App. at 618, 673 P.2d at 1041). "The extent and depth of the court's inquiry and explanation of the second and third factors should respond to the court's perception of the defendant's level of understanding." Id. at 514, 353 P.3d at 1056. "While courts are not required to strictly adhere to Dickson's analytical framework, it provides an important tool to ensure waivers are made knowingly and intelligently in addition to establishing a complete record for appellate review." Id. at 513, 353 P.3d at 1055.

**B. There was No Valid Waiver of Counsel**

In this case, there was no written waiver of counsel in the record on appeal. Thus, we review the recordings of the district court's oral colloquies, as outlined above, to ascertain whether there was a valid waiver of counsel.

**1. Defendant's Level of Comprehension**

The first prong of the Phua test recommends the court "explore facts and circumstances pertaining to the defendant that will allow the court to determine the defendant's level of comprehension. Such circumstances include age, education,

9

English language skills, mental capacity, employment background, and prior experience with the criminal justice system." Id. at 513, 353 P.3d at 1055. Ascertaining the defendant's level of comprehension is necessary for the court to know the extent to which it must warn the defendant of the risks of self-representation and the potential disadvantages of choosing to proceed pro se. Id.

Here, the recordings reveal the court did not inquire about Erum's background. The record does not contain any evidence that prior to the arraignment, the district court was privy to any information regarding Erum's mental capacity, employment background or prior experience with the criminal justice system--all factors that would be necessary to determine Erum's level of comprehension and thus his ability to intelligently and knowingly waive his right to counsel.[5] The district court, therefore, did not meet the first prong of the test discussed in Phua.

2. **Defendant's awareness of the risks of self-representation**

The second prong of the Phua test recommends the court warn the defendant of the risks particular to the defendant in proceeding without counsel by making the defendant "aware of the

_____

[5] On July 2, 2015, Erum filed a Motion For Relief From Default and For Extension Of Time To File Jurisdictional Statement And Opening Brief. The motion indicated that he was 82 years old and allegedly had a "poor memory associated with [his] age."

nature of the charge, the elements of the offense, the pleas and defenses available, the punishments which may be imposed, and all other facts essential to a broad understanding of the whole matter." Phua, 135 Hawai'i at 514-15, 353 P.3d at 1056-57 (internal quotation marks and citations omitted). "[T]he judge's warnings must reflect more than 'vague, general admonishments, without reference to specific risks or disadvantages.'" Id. at 514, 353 P.3d at 1056.

In Dickson, the ICA determined that although "Defendant made a clear and unequivocal demand to represent himself" and "[t]he record also indicate[d] that Defendant's decision was freely and voluntarily made . . . the record [did] not show that the trial judge sufficiently informed Defendant of the dangers and disadvantages of proceeding pro se, or made sufficient inquiry into his awareness thereof." Dickson, 4 Haw. App. at 622, 673 P.2d at 1043 (italics omitted). The ICA concluded that under these facts, "the record does not indicate that Defendant made a knowing and intelligent waiver of counsel." Id. at 623, 673 P.2d at 1043.

Although the district court informed Erum, "You do have one of these [charges] as a petty misdemeanor that carries a sentence of up to thirty days in jail," it did not address the other factors under this second prong. Therefore, the second Phua prong is also not satisfied.

11

### 3. Defendant's awareness of the disadvantage of self-representation

The final prong of the Phua test is whether the court informed the defendant of the disadvantages of self-representation before a waiver of the right to counsel is obtained. Phua, 135 Hawai'i at 515, 353 P.3d at 1057. This includes the requirement that the trial court "meaningfully inform the defendant of his or her right to the assistance of counsel." Id. Such information may be conveyed by asking the following questions:

> Because of the seriousness of the offense and the serious consequences of being found guilty, do you understand that you have a Constitutional right to be represented by an attorney at a sentencing hearing?
>
> Do you understand that if you cannot afford an attorney, you have the right to have free legal representation through the public defender's office or a court appointed lawyer?

Id. (footnote omitted).

Furthermore, in addition to conveying this information to the defendant,

> the trial court should inform the defendant: of his right to counsel, whether private or appointed . . . that self-representation is detrimental to himself; that he will be required to follow all technical rules and substantive, procedural, and evidentiary law; that the prosecution will be represented by able counsel; that a disruption of the trial could lead to vacation of the right to self-representation; and that if voluntary self-representation occurs, the defendant may not afterward claim that he had inadequate representation.

Dickson, 4 Haw. App. at 620, 673 P.2d at 1041-42 (internal citation omitted).

At the start of the bench trial, the court asked Erum if he was referred to the Public Defender's office.  Erum stated he "didn't choose not to go [to the Public Defender's office], it's just that [he was] not an indigent person."  Erum also stated that "in [the] short space of time [before the bench trial] [he] was not able to get an attorney."  The court informed Erum he could have more time to find an attorney, but did not take any steps to advise Erum of the potential risks involved in self-representation.  Thus, the third prong of the Phua test is not satisfied.

### V. Conclusion

Accordingly, based on the totality of circumstances, there was no valid waiver of counsel in this case.  We therefore vacate the ICA judgment on appeal as well as the district court judgment and remand for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, May 19, 2017.

| | |
|---|---|
| Theodorico Erum, Jr.<br>petitioner pro se | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| Tracy Murakami<br>for respondent | /s/ Sabrina S. McKenna |
| | /s/ Richard W. Pollack |
| | /s/ Michael D. Wilson |

