SCWC-15-0000131

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

———————————————————————————————————————

STATE OF HAWAIʻI,
Respondent/Plaintiff-Appellee,

vs.

THEODORICO ERUM, JR.,
Petitioner/Defendant-Appellant.

———————————————————————————————————————

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-15-0000131; CASE NO. 5DCC-14-0000212)

ORDER DENYING MOTION FOR RECONSIDERATION
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon consideration of Respondent/Plaintiff-Appellee State of Hawaii's motion for reconsideration, filed May 30, 2017, the papers in support thereof, and the records and files herein,

IT IS HEREBY ORDERED that the motion is denied. According to State v. Phua, 135 Hawaiʻi 504, 353 P.3d 1046 (2015),

> When a defendant elects to proceed pro se, the record must indicate that the defendant was offered counsel, but he or she "voluntarily, knowingly, and intelligently rejected the offer and waived that right." The trial court must ensure two requirements are met: first, the waiver of counsel is "knowingly and intelligently" made, and second, "the record is complete so as to reflect that waiver." The latter requirement arises because appellate courts are charged

> with determining from the record whether there was an
> unequivocal waiver, which was voluntarily and freely made.

135 Hawaiʻi at 512, 353 P.3d at 1054 (citing State v. Dickson, 4 Haw. App. 614, 619, 621, 673 P.2d 1036, 1041-42 (1983)) (footnote omitted). The record here does not reflect that the district court was made aware that defendant may have previously been a licensed attorney. Our review of the adequacy of the colloquy is confined to what was in the record before the district court at the time the colloquy took place.

DATED: Honolulu, Hawaiʻi, June 9, 2017.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson