**\*\*\* NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER \*\*\***

**Electronically Filed
Supreme Court
SCWC-15-0000916
11-APR-2019
12:17 PM**

SCWC-15-0000916

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

_____

STATE OF HAWAI'I,
Respondent/Plaintiff-Appellee,

vs.

RONALD S. FUJIYOSHI,
Petitioner/Defendant-Appellant.

_____

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-15-0000916; 3DCW-15-0001048)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

## I.    Introduction

Petitioner/Defendant-Appellant Ronald S. Fujiyoshi ("Fujiyoshi") seeks review of the Intermediate Court of Appeals' ("ICA") September 28, 2018 Judgment on Appeal, entered pursuant to its August 31, 2018 Memorandum Opinion, which affirmed the District Court of the Third Circuit's ("district court") Judgment and Notice of Entry of Judgment entered on November 5, 2015.[1]

---

[1]    The Honorable Barbara K. Takase presided.

Fujiyoshi proceeded pro se before the district court. The record on appeal does not indicate a valid waiver of counsel. We therefore vacate the district court's judgment and remand for further proceedings consistent with this summary disposition order.

## II. Background

### A. District Court Proceedings

On April 2, 2015, Fujiyoshi participated in a demonstration on Mauna Kea Access Road with approximately fifty to eighty other individuals who opposed construction of the Thirty Meter Telescope. Respondent/Plaintiff-Appellee State of Hawai'i ("State") charged Fujiyoshi with obstructing a highway or public passage in violation of Hawai'i Revised Statutes ("HRS") § 711-1105(1)(a) and (5) (2014).[2]

At Fujiyoshi's May 7, 2015 plea hearing, the district court conducted a gallery advisory. The court informed the present defendants, including Fujiyoshi, of their constitutional

---

[2] HRS § 711-1105 provides in relevant part:

> (1) A person commits the offense of obstructing if, whether alone or with others and having no legal privilege to do so, the person knowingly or recklessly:
> (a) Obstructs any highway or public passage; or
> (b) Provides less than thirty-six inches of space for passage on any paved public sidewalk.
> . . . .
>
> (5) Obstructing is a petty misdemeanor if the person persists in the conduct specified in subsection (1) after a warning by a law enforcement officer; otherwise it is a violation.

right to counsel and the general disadvantages of self-representation:

THE COURT:  Good morning, everyone.

Before we begin I just want to give you some advisements and inform you of your rights.  I believe everyone who is left on the calendar will have the right to have an attorney.  If you cannot afford one I will appoint one free of charge.

For those of you who want to waive your right to an attorney that is also possible.  If you do, I'm going to give you a form to fill out waiving your right to an attorney.  Let me explain to you that if you choose to represent yourself you understand the Court cannot help yourself -- cannot help you in any way.

That if you cannot afford an attorney I will appoint one free of charge so that you have a constitutional right to have an attorney.  You have the right also to hire your own attorney to represent you.

In a trial, if you asked for a trial, the State is required to prove every element of the offense beyond a reasonable doubt.  Proof beyond a reasonable doubt means that you are presumed to be innocent of the charge unless and until the State proves beyond a reasonable doubt that you are guilty.

Reasonable doubt is a doubt in a person's mind about a defendant's guilt which arises from the evidence presented or from the lack of evidence and which is based upon reason and common sense.  This means that you cannot be found guilty upon mere suspicion or upon evidence which only shows that you are probably guilty.

If you represent yourself you will be expected to understand and follow the Hawaii Rules of Evidence, the Hawaii Rules of Penal Procedure, and the law, and that you are going to be required to understand and follow those rules.  Trial proceedings are often complicated and legally technical.  Participating in a trial is often difficult even for the most experienced lawyer.

Because you have no formal training in the law, if you choose to represent yourself the task of representing yourself will be extremely difficult.  If you do not effectively represent yourself you cannot later complain that you didn't have effective assistance of counsel.  So

3

> if you choose to waive your right to an attorney I will ask you if you understood those rights and I will ask you to also fill out a waiver of right to an attorney.

Fujiyoshi signed a form waiving his right to counsel. The court engaged in the following colloquy with Fujiyoshi later in the morning:

> THE COURT: Alright. Mr. Fujiyoshi, is your mind clear this morning?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you understand everything that's going on in court?
>
> THE DEFENDANT: Yes, I am.
>
> THE COURT: How many years of schooling have you had?
>
> THE DEFENDANT: Um, 22.
>
> THE COURT: Okay. And you understand all of those rights that I previously explained to you?
>
> THE DEFENDANT: Yes, I did.
>
> THE COURT: Is it your choice to waive or give up your right to an attorney?
>
> THE DEFENDANT: It is my choice.
>
> THE COURT: You understand this is a very serious decision?
>
> THE DEFENDANT: Yes, I do.
>
> THE COURT: Alright. Is anyone forcing you to give up this right?
>
> THE DEFENDANT: No.
>
> THE COURT: Are you doing it knowingly, voluntarily, and intelligently?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Alright. Court's going to find a knowing, voluntary, intelligent waiver of right to counsel. And he is going to acknowledge this a second time. Okay.

Fujiyoshi pled not guilty and the case was set for trial.

At the conclusion of the bench trial held several months later, the district court found Fujiyoshi guilty as charged and sentenced him to five days in jail and six months of probation with a special condition that prohibited Fujiyoshi from visiting Mauna Kea Access Road for the duration of the probation.[3]  The court entered judgment pursuant to its findings on November 5, 2015.

**B.  Appeal to ICA**

On appeal to the ICA, Fujiyoshi alleged:  (1) the evidence presented at trial is insufficient to sustain the conviction; (2) the dismissal of cases of similarly-situated defendants violates Fujiyoshi's right to due process under the Fourteenth Amendment to the United States Constitution; and (3) the complaint is defective because it fails to allege an element of the offense.

In its Memorandum Opinion, the ICA affirmed the district court's judgment, holding that the complaint was sufficient, the conviction was supported by sufficient evidence, and the arrest did not violate Fujiyoshi's constitutional due process rights.  State v. Fujiyoshi, CAAP-15-0000916 (App. Aug. 31, 2018) (mem.).

---

[3]  The court credited Fujiyoshi with one day served and stayed the remaining four days pending the successful completion of six months' probation.

5

### III. Standard of Review

Hawai'i Rules of Penal Procedure Rule 52(b) states that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Therefore, an appellate court "may recognize plain error when the error committed affects substantial rights of the defendant." State v. Staley, 91 Hawai'i 275, 282, 982 P.2d 904, 911 (1999) (internal quotation marks omitted) (quoting State v. Cullen, 86 Hawai'i 1, 8, 946 P.2d 955, 962 (1997)).

The appellate court "will apply the plain error standard of review to correct errors which seriously affect the fairness, integrity, or public reputation of judicial proceedings, to serve the ends of justice, and to prevent the denial of fundamental rights." State v. Nichols, 111 Hawai'i 327, 334, 141 P.3d 974, 981 (2006) (quoting State v. Sawyer, 88 Hawai'i 325, 330, 966 P.2d 637, 642 (1998)).

### IV. Discussion

On certiorari, Fujiyoshi argues that the ICA's affirmance of the district court's judgment was erroneous because: (1) the complaint was defective; (2) insufficient evidence was introduced at trial to support the conviction; and (3) his request for the ICA to take judicial notice of the cases of similarly-situated defendants was valid.

We review as plain error whether Fujiyoshi's constitutional right to counsel was validly waived.[4]

## A.    Requirements for a Valid Waiver of Right to Counsel

The Sixth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, and article I, section 14 of the Hawai'i Constitution guarantee every person accused of a crime "the right to be represented by counsel at every critical state of the prosecution."  State v. Phua, 135 Hawai'i 504, 512, 353 P.3d 1046, 1054 (2015) (internal quotation marks omitted) (quoting Reponte v. State, 57 Haw. 354, 361, 556 P.2d 577, 582 (1976)); see also State v. Dickson, 4 Haw. App. 614, 618, 673 P.2d 1036, 1041 (1983).  A "critical stage" is "any stage where potential substantial prejudice to [a] defendant's rights inheres," such as trial.  Phua, 135 Hawai'i at 512, 353 P.3d at 1054 (internal quotation marks and citation omitted).  If a defendant proceeds pro se during a critical stage of the prosecution, (1) the defendant must make a knowing and intelligent waiver of his or her right to counsel and (2) the record must adequately reflect the defendant's waiver.  Id.

In Phua, this court described the analytical framework applied to ensure that a waiver is knowing and intelligent.  Id.

---

[4]    We do not address Fujiyoshi's arguments, except to note that there was sufficient evidence adduced to support the conviction.

at 512-13, 353 P.3d at 1054-55.  We explained that the trial court should focus its inquiry on three main factors:  "(1) the particular facts and circumstances relating to the defendant that indicate the defendant's level of comprehension; (2) the defendant's awareness of the risks of self-representation; and (3) the defendant's awareness of the disadvantages of self-representation."  Id. at 512, 353 P.3d at 1054 (citing Dickson, 4 Haw. App. at 619-20, 673 P.2d at 1041-42).  "The extent and depth of the court's inquiry and explanation of the second and third factors should respond to the court's perception of the defendant's level of understanding."  Id. at 514, 353 P.3d at 1056.  "While courts are not required to strictly adhere to [this] analytical framework, it provides an important tool to ensure waivers are made knowingly and intelligently in addition to establishing a complete record for appellate review."  Id. at 513, 353 P.3d at 1055.

### B.    There was No Valid Waiver of Counsel

In this case, we review Fujiyoshi's written waiver of counsel and the district court's transcripts to ascertain whether there was a valid waiver of counsel.

### 1.    Background and Comprehension of the Defendant

The first prong of the framework in Phua suggests that the court "explore facts and circumstances pertaining to the defendant that will allow the court to determine the defendant's

level of comprehension.  Such circumstances include age, education, English language skills, mental capacity, employment background, and prior experience with the criminal justice system."  Id.

Here, the district court's inquiry into Fujiyoshi's background was limited to one question—how many years he attended school.  The court did not inquire into Fujiyoshi's age, employment background, or experience with the criminal justice system.  These factors would have assisted in determining Fujiyoshi's level of comprehension and, accordingly, his ability to waive his right to counsel intelligently and knowingly.  The district court erroneously discussed the risks and disadvantages of self-representation before it perceived Fujiyoshi's level of understanding.  Therefore, the district court did not meet the first prong of the Phua analysis.

### 2.  Defendant's Awareness of the Risks of Self-Representation

The second prong of Phua recommends that the court "warn[] the defendant of the risks particular to the defendant in proceeding without counsel[.]"  Id. at 514, 353 P.3d at 1056.  An adequate warning informs the defendant "of the nature of the charge, the elements of the offense, the pleas and defenses available, the punishments which may be imposed, and all other facts essential to a broad understanding of the whole matter."

Id. at 515, 353 P.3d at 1057 (internal quotation marks omitted) (quoting Dickson, 4 Haw. App. at 620, 673 P.2d at 1041). Furthermore, "[t]he judge's warnings must reflect more than vague, general admonishments, without reference to specific risks or disadvantages."  Id. at 514, 353 P.3d at 1056 (internal quotation marks and citation omitted).

Here, the court provided a cursory overview of self-representation, noting that it would be "extremely difficult," that trials are "complicated and legally technical," that Fujiyoshi would be expected to understand and follow the applicable rules, and that he would be precluded from arguing ineffective assistance of counsel on appeal.  The court did not inform Fujiyoshi about possible pleas or defenses, or potential punishments.  It provided vague warnings that failed to identify the risks specific to Fujiyoshi's decision to proceed without counsel, including the maximum penalty for the offense. Although Fujiyoshi marked on his waiver form that he had been advised of the nature and elements of the charge against him, the possible results of a guilty verdict, including the maximum penalty for the offense, and applicable defenses, it is clear from the record that he received no such advisement.

In Phua, the trial court failed to inform the defendant of the potential punishment that could be imposed. Id. at 517, 353 P.3d at 1059.  We held that this error, alone,

was "sufficient grounds for vacating the sentence." Id. Here, the district court failed to warn Fujiyoshi of the range of eligible punishment. Thus, the district court failed to satisfy the second prong of Phua and this error, alone, is sufficient to vacate the conviction.

### 3. Defendant's Awareness of the Disadvantages of Self-Representation

The third prong of the Phua analysis suggests that the court "meaningfully inform" the defendant of the disadvantages of self-representation before a waiver of the defendant's right to counsel is obtained. Id. at 515, 353 P.3d at 1057. This information may be conveyed by asking:

> Because of the seriousness of the offense and the serious consequences of being found guilty, do you understand that you have a Constitutional right to be represented by an attorney at a sentencing hearing?
>
> Do you understand that if you cannot afford an attorney, you have the right to have free legal representation through the public defender's office or a court appointed lawyer?

Id. (footnote omitted).

In this case, the district court conducted a gallery advisory notifying all present defendants that they each had a right to an attorney and an attorney would be appointed free of charge if the defendant could not afford one, if a defendant elects to proceed without an attorney, he or she is expected to follow all applicable rules and the law, and a defendant that waives his or her right to counsel is precluded from later

11

claiming inadequate representation.  As noted, pursuant to the first two factors of the Phua analysis, it is apparent Fujiyoshi did not make a knowing and intelligent waiver of his right to counsel.  Accordingly, it is unnecessary to consider under the third factor whether the court "meaningfully inform[ed]" Fujiyoshi of the disadvantages of self-representation.  Id.

## V.    Conclusion

Based on the totality of the circumstances, Fujiyoshi did not provide an intelligent and knowing waiver of his right to counsel.  We therefore vacate the ICA's September 28, 2018 Judgment on Appeal and the district court's November 5, 2015 Judgment and remand to the district court for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawai'i, April 11, 2019.

James M. Dombroski,                  /s/ Mark E. Recktenwald
Hayden Aluli
for Petitioner                       /s/ Paula A. Nakayama

                                     /s/ Sabrina S. McKenna
Mitchell D. Roth,
E. Britt Bailey                      /s/ Richard W. Pollack
for Respondent
                                     /s/ Michael D. Wilson

