**STATE OF HAWAII**, Plaintiff–Appellee, v. **CHARLES Y. HIRAYASU**, Defendant–Appellant

NO. 14263

(CIV. NO. CA22)

NOVEMBER 5, 1990

LUM, C.J., HAYASHI, WAKATSUKI, AND
MOON, JJ., AND INTERMEDIATE COURT OF
APPEALS ASSOCIATE JUDGE TANAKA, IN
PLACE OF PADGETT, J., RECUSED

## OPINION OF THE COURT BY LUM, C.J.

This court is called upon to decide whether one paragraph of the Prohibited Signs ordinance (Revised Ordinances of Honolulu, § 21A–3.90–2(E) (1986)), contained in the Land Use Ordinance of the City and County of Honolulu, violates the Hawaii and federal constitutions. We need not decide that issue, because we find, as an initial matter, that the evidence below was insufficient to convict Appellant Hirayasu of violating the ordinance under which he was cited, and therefore, reverse the conviction.

I.

On September 15, 1988, Appellant was promoting his candidacy for Mayor of Honolulu by displaying, at roadside, a large sign stating, "Charlie Hirayasu for Mayor." The sign was four feet wide and eight feet long. Appellant garnered more than the normal amount of attention, however, because he had the sign propped up on a 6–foot ladder—on top of which he was perched in a koa chair, placing himself almost eight feet above the ground. The location of this activity was at the Waimalu–Pearl City off–ramp, near the Waimalu interchange of the H–1 freeway. It occurred at about 12:50 p.m., with a medium amount of traffic.

The Honolulu Police Department (HPD) unsuccessfully attempted to talk Appellant down from his perch. On Appellant's continued refusal to cooperate, HPD arrested him. They charged him not only with violating the prohibited sign ordinance (Revised Ordinances of Honolulu, § 21A–3.90–2(E) (1986)), but also with disorderly conduct.

The disorderly conduct charge was dismissed following a bench trial, because the State failed to prove an element of the offense—that Appellant had no permit for his activities. In defending the charge of violating the sign ordinance, Appellant

raised constitutional challenges. Appellant's argument included allegations that his due process rights had been violated because the ordinance was vague and ambiguous, that his free speech rights had been violated, and that his equal protection rights were violated. After further briefing and argument, the trial court found no constitutional violations, and ruled Appellant guilty of violating the prohibited sign ordinance.

## II.

The ordinance under which Appellant was cited states:
It shall be unlawful to erect or maintain: Any sign which
by reason of its size, location, movement, content, color-
ing or manner of illumination constitutes a traffic hazard
or a detriment to traffic safety . . . by diverting or tending
to divert the attention of drivers of moving vehicles from
the traffic movement of the public streets and roads.
Revised Ordinances of Honolulu, § 21A–3.90–2(E) (1986). This ordinance is contained within the Land Use Ordinance for the City and County of Honolulu, in the article entitled General Development Standards. Taken as a whole, the article refers mainly to the aesthetic standards for building and construction.

The subsection under which Appellant was cited refers only to prohibited signs, not to activities or actions of persons in conjunction therewith. Section 21A–3.90–2(D) of the ordinance delimiting prohibited signs discusses political campaign signs, but Appellant was not cited as violating that paragraph.

## III.

On appeal, although Appellant did not raise the issue of sufficiency of the evidence, "the power to *sua sponte* notice 'plain errors or defects affecting substantial rights' clearly resides in this

court." *State v. Hernandez*, 61 Haw. 475, 482, 605 P.2d 75, 79 (1980) (citations omitted). When reviewing the legal sufficiency of the evidence on appeal, the test is whether, "viewing the evidence in the light most favorable to the State, there is substantial evidence to support the conclusion of the trier of fact." *Id.* at 477, 605 P.2d at 77. The standard applies whether the case was before a judge or a jury. *Id.* at 478, 605 P.2d at 77.

> In this case, the trial court made the following finding:
> In the case at bar, the defendant created a dangerous traffic hazard with a sign which distracted drivers and caused traffic to slow down. Not only the sign itself but the other conduct that created a circus–like atmosphere.

The court below clearly indicates that it was not the sign alone which created the diversion. Instead, the court makes it clear that the Appellant's actions in combination with the use of the sign were what created the diversion. However, the statute charged only involves the use of signs. Appellant's actions cannot be used to support his conviction. With respect to the use of the sign, the court made no finding whether its size, location, movement, content, coloring or manner of illumination constituted a traffic hazard or a detriment to traffic safety. In the absence of such finding, we conclude that there is insufficient evidence with which to convict Appellant under this statute.

As we reverse the conviction against Appellant, we need not address the constitutional issues raised.

Reversed.

*Theodore Y. H. Chinn (Raymond F. Fukuhara* with him on the opening brief), Deputy Public Defenders, for Defendant–Appellant.

*Charlotte J. Duarte*, Deputy Prosecuting Attorney, for Plaintiff–Appellee.