**\*\*\* NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER \*\*\***

**Electronically Filed
Supreme Court
SCWC-12-0000124
30-DEC-2015
11:00 AM**

SCWC-12-0000124

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

_____

STATE OF HAWAI'I,
Respondent/Plaintiff-Appellee,

vs.

MICHAEL DEMING,
Petitioner/Defendant-Appellant.

_____

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-12-0000124; CASE NO. 1P1120000029)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Petitioner/Defendant-Appellant Michael Deming (Deming) was convicted for entering or remaining in a public park during posted closure hours in violation of Revised Ordinances of Honolulu (ROH) § 10-1.2(a)(12) (1990).[1] The Intermediate Court

---

[1] ROH § 10-1.2(a)(12) provides:

**Sec. 10-1.2 Park rules and regulations.**

(continued . . . )

of Appeals (ICA) affirmed Deming's conviction.  Although not raised on appeal, our review of the record establishes that Deming's waiver of his right to counsel was not knowingly and intelligently made, and accordingly, Deming's conviction must be vacated and the case remanded for a new trial.[2]

During arraignment and plea before the District Court of the First Circuit (district court), Deming was informed of

---

(. . . continued)

> (a)  Within the limits of any public park, it is unlawful for any person to:
>
> . . . .
>
> > (12)  Enter or remain in any public park during the night hours that the park is closed, provided that signs are posted indicating the hours that the park is closed, except that a person may traverse a public beach park using the most direct route during park closure hours for the purpose of reaching the shoreline[.]

ROH § 10-1.1 (1990) provides in relevant part: "'Public park' means any park, park roadway, playground, athletic field, beach, beach right-of-way, tennis court, golf course, swimming pool, or other recreation area or facility under the control, maintenance and management of the department of parks and recreation."

[2]  We raise this issue sua sponte because of the paramount importance of a defendant's right to counsel. See State v. Pitts, 131 Hawaiʻi 537, 541, 319 P.3d 456, 460 (2014) (raising the issue of the right to counsel for post-verdict motions sua sponte on certiorari "because the right to counsel is an essential component of a fair trial" (citation omitted) (internal quotation marks omitted)); cf. State v. Staley, 91 Hawaiʻi 275, 286, 982 P.2d 904, 915 (1999) ("Although not raised by [the defendant] on appeal, our review of the record establishes that [the defendant's] right to testify, as set forth in Tachibana v. State, 79 Hawaiʻi 226, 900 P.2d 1293 (1995), was violated."); State v. Hirayasu, 71 Haw. 587, 589-90, 801 P.2d 25, 26 (1990) (raising issue of sufficiency of evidence sua sponte on appeal and noting "the power to sua sponte notice plain errors or defects affecting substantial rights clearly resides in this court" (citation omitted) (internal quotation marks omitted)).

We do not address the issues raised in Deming's application for certiorari as the record does not support his allegations of error.

the charge against him, and the court recommended that he consult with the public defender's office. Deming apparently consulted with the public defender's office, and after doing so, informed the court that he "waive[d]" the "involvement" of the "public [d]efender." The district court recommended that Deming obtain counsel and set a trial date.

Deming appeared for trial[3] on February 23, 2012, without counsel. The court asked Deming if he would be interested in a plea agreement, and the State noted for the record that "the offer would be Simple Trespass with a fine of $25." Deming elected to proceed to trial, and the State re-arraigned him. Deming indicated that he understood the charge and plead not guilty. The record does not reflect that the court engaged Deming in a colloquy regarding his decision to proceed without counsel.[4]

The right to counsel for an individual accused of a crime is guaranteed under both the Hawaiʻi Constitution and the United States Constitution. State v. Phua, 135 Hawaiʻi 504, 512, 353 P.3d 1046, 1054 (2015). A defendant also has the right to proceed pro se, but when he or she chooses to do so, "the record

---

[3] The Honorable Dean E. Ochiai presided.

[4] Twice during the trial, the district court referenced Deming's waiver of his right to counsel and Deming acknowledged that he had been offered an attorney but elected to proceed pro se. However, the court did not engage in a sufficient waiver inquiry, as discussed herein.

must indicate that the defendant was offered counsel, but he or she 'voluntarily, knowingly, and intelligently rejected the offer and waived that right.'"  Id. (quoting State v. Dickson, 4 Haw. App. 614, 619, 673 P.2d 1036, 1041 (1983)).  In such situations the trial court must ensure that: 1) "the waiver of counsel is knowingly and intelligently made"; and 2) "the record is complete so as to reflect that waiver."  Id. (citation omitted) (internal quotation marks omitted).  "The latter requirement arises because appellate courts are charged with determining from the record whether there was an unequivocal waiver, which was voluntarily and freely made."  Id.

In State v. Phua, we held that the defendant's waiver of his right to counsel during the sentencing stage of his case was invalid, because the "record  . . .  [was] critically deficient to support a finding that Phua's waiver of his right to counsel was intelligently and knowingly made."  Id. at 517, 353 P.3d at 1059.  We explained that—pursuant to the ICA's opinion in State v. Dickson—the trial court should focus its waiver inquiry on three principle factors: "(1) the particular facts and circumstances relating to the defendant that indicate the defendant's level of comprehension; (2) the defendant's awareness of the risks of self-representation; and (3) the defendant's awareness of the disadvantages of self-representation."  Phua, 135 Hawaiʻi at 512, 353 P.3d at 1054.

4

In the instant case, the record does not establish that Deming knowingly and intelligently waived his right to counsel. While the district court in passing addressed some of the issues discussed in Phua that are relevant to a waiver inquiry, it did not do so in connection with a formal colloquy prior to Deming waiving his right to counsel. To the contrary, on the day of trial, the district court failed to conduct an inquiry regarding Deming's waiver of his right to counsel, and instead accepted that Deming was proceeding pro se as a foregone conclusion. Because the "record does not support a finding that [Deming's] waiver of counsel was knowingly and intelligently made," id. at 506, 353 P.3d at 1048, we vacate the conviction and remand the case to the district court for a new trial.

IT IS HEREBY ORDERED that the the ICA's April 2, 2015 Judgment on Appeal and the district court's March 12, 2012 Notice of Entry of Judgment and/or Order are vacated, and this case is remanded to the district court for a new trial.

DATED: Honolulu, Hawaiʻi, December 30, 2015.

| | |
|---|---|
| Michael Deming<br>petitioner pro se | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| Brian R. Vincent<br>for respondent | /s/ Sabrina S. McKenna |
| | /s/ Richard W. Pollack |
| | /s/ Michael D. Wilson |

